JACOB KONNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOAN KONNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 80975, 80976.   Filed February 6, 1961.

*Benjamin Nadel, Esq.,* for the petitioners.
*Chapman H. Belew, Jr., Esq.,* for the respondent.

OPINION.

RAUM, *Judge:* The Commissioner determined a deficiency in gift tax for 1955 in the amount of $165, and an addition to tax under section 6651 of the Internal Revenue Code of 1954 in the amount of $8.25 for failure to file a timely gift tax return, against each petitioner.  The facts have been stipulated.

The question for decision is whether income interests given by means of a trust for the benefit of beneficiaries of two trusts (already

in existence) during their minority qualify as gifts of present interests so as to entitle each of the petitioners to an exclusion of $3,000 with respect to each gift under section 2503 of the Internal Revenue Code of 1954.

Petitioners, husband and wife, are residents of Fairlawn, New Jersey. They filed separate gift tax returns for the year 1955 with the district director of internal revenue at Newark, New Jersey, on May 7, 1956. The gift tax liabilities of both are involved, because, although only the wife was the donor of the gifts in controversy, petitioners consented to have the gifts considered as having been made to the extent of one-half by each of them.

By agreement dated March 5, 1955, petitioner Joan Konner's father, Martin Weiner, established two separate trusts, naming his wife, Tillie Weiner, as sole trustee. The beneficiary of one trust was petitioners' daughter, Katherine, born October 28, 1954; the beneficiary of the other trust was petitioners' other daughter, Rosemary, born September 26, 1952. Joan Konner was born in 1931. Both trusts were identical as to terms: They will hereinafter be referred to as the March 5 trusts.

The initial trust property of each of the March 5 trusts was a check in the amount of $100 drawn by Martin Weiner on the Chase Manhattan Bank of New York payable to the order of Tillie Weiner, Trustee. These checks were deposited with the Chase Manhattan Bank on April 6, 1955.

The March 5 trusts provided as follows:

### Disposition of Income and Principal

2.01. So long as * * * [the beneficiary] shall be under the age of twenty-one years, the Trustee shall pay to the Beneficiary or shall apply for her benefit so much or all of the net income and any accumulated net income of the Trust Fund, and also so much or all of the principal of the Trust Fund, as the Trustee shall deem proper, accumulating the portion, if any, of the net income of the Trust Fund not so paid or applied.

2.02. Disbursements of income and principal pursuant to paragraph 2.01 above may be made by the Trustee in such manner as she shall determine to be for the best interests of the Beneficiary, including payments of allowances directly to the Beneficiary, payments to any guardian of the property of the Beneficiary appointed in any jurisdiction, or to a parent or other person with whom the Beneficiary resides or who has custody of or control over the Beneficiary, or direct payment of the Beneficiary's expenses. The evidence of any such payment, or the receipt of any person to whom any such payment is made as aforesaid, shall constitute complete discharge of the Trustee with regard to such payment.

2.03. Upon the Beneficiary's attaining the age of twenty-one years, the trust hereby created shall terminate and the Trustee shall pay over to the Beneficiary the entire balance of the principal of the Trust Fund as then constituted, and any and all accrued or accumulated net income thereof.

2.04. If the Beneficiary shall die before attaining the age of twenty-one years, the trust shall thereupon terminate and the Trustee shall pay over the entire

balance of the principal of the Trust Fund as then constituted, and any and all accrued or accumulated net income thereof,

(a) to such person or persons (including, if the Beneficiary shall so appoint, the Beneficiary's estate, her creditors and the creditors of her estate) and in such manner or estates or upon such terms, conditions and lawful trusts, if any, as the Beneficiary by her Last Will and Testament admitted to probate may validly and effectively appoint, or

(b) in default of such appointment, or if and to the extent that such power of appointment shall not have been validly or effectively exercised, then to the Beneficiary's estate.

\* \* \* \* \* \* \*

4.01. In addition to all rights and powers conferred by law, the Trustee shall have the following powers, rights and authority, exercisable in each case in her uncontrolled discretion:

\* \* \* \* \* \* \*

(j) *Allocations to Principal and Income:* To determine, as to all money and other property received, whether and to what extent the same shall be deemed to be principal or income \* \* \*

By agreement dated March 26, 1955, petitioner Joan Konner established a trust (hereinafter referred to as the March 26 trust) wherein she named her mother, Tillie Weiner, trustee.

Article I of the March 26 trust agreement recited that petitioner Joan Konner as grantor "hereby transfers, assigns and delivers to the Trustee the property described in the annexed Schedule A, IN TRUST \* \* \*." The property described in schedule A consisted of cash, proceeds from the redemption of Series G bonds and 300 shares of the common stock of American Telephone and Telegraph Company, having an aggregate value of $128,192.13.

Article II of the March 26 trust provided in part as follows:

### Disposition of Income and Principal

2.01. During the period from the date of this Agreement up to and including March 31, 1965, the Trustee shall pay the entire net income received or accrued on the Trust Fund, at least quarter-annually, in equal shares to the Trustees of the trusts for the benefit of the Grantor's children, Rosemary and Katherine Louise Konner, respectively, created by Agreements, dated March 5, 1955, between Martin Weiner, as Grantor, and Tillie Weiner, as Trustee, as additions to the principal of such trusts. If one of such trusts shall terminate during such period, the Trustee shall pay the entire net income thereafter received or accrued on the Trust Fund to the Trustee of the other of such trusts until the expiration of such period or the termination of such other trust, whichever event shall first occur; and thereafter, and in any event from and after the expiration of such period, the Trustee shall pay the entire net income of the Trust Fund at least quarter-annually to the Grantor, or apply the same for her benefit, until the termination of the trust hereby created.

2.02. Upon the Grantor's attaining the age of forty years, the trust hereby created shall terminate and the Trustee shall transfer, deliver and pay over the then principal of the Trust Fund to the Grantor. In the event that the Grantor shall die prior to attaining the age of forty years, the trust hereby created shall terminate upon the Grantor's death, and the Trustee shall transfer, deliver and pay over the then principal of the Trust Fund,

(a) in equal shares, *per stirpes*, to the issue of the Grantor living at the Grantor's death, or,

(b) if no issue of the Grantor shall be living at her death, to IRIS BLUE-STEIN, sister of the Grantor, if she shall then be living, or,

(c) if said Iris Bluestein shall not then be living, then in equal shares, *per stirpes*, to her issue then living.

It is apparent from the foregoing provisions for the disposition of income from the date of the agreement, March 26, 1955, to March 31, 1965, that the grantor has in substance made gifts of income for a maximum period of approximately 10 years for the benefit of her infant daughters. And the parties have stipulated that under the respondent's regulations the value (unadjusted for any factor taking quarter-annual payments into account) of the right to receive income from $128,192.13 (corpus of the trust) for a term of 10 years is $37,314.29.

Neither Katherine nor Rosemary Konner had any legal guardian of their property or person appointed by a court of New Jersey.

In their 1955 gift tax returns each of the petitioners claimed two exclusions of $3,000 each in respect of the gifts for their children. They contend that the gifts of income to their two children qualify as gifts of present interests under section 2503 of the Internal Revenue Code of 1954.[1]

The parties are in agreement that the classification of the gifts of income here in controversy must be considered in the light of the March 5 trusts as well as the March 26 trust.

We reject at the outset petitioners' contention that the gifts of the income interests qualify as gifts "other than gifts of future interests" under the provisions of section 2503(b) apart from subsection (c). In each of the March 5 trust agreements, the trustee was given the right to determine whether and to what extent all money and other prop-

---

[1] I.R.C. 1954:

SEC. 2503. TAXABLE GIFTS.

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

(c) TRANSFER FOR THE BENEFIT OF MINOR.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

 (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

 (2) will to the extent not so expended—

  (A) pass to the donee on his attaining the age of 21 years, and

  (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

erty received should be deemed to be principal or income, to pay over to or apply for the benefit of the beneficiary during the existence of the trust so much of the income and principal thereof as she deemed proper, and to accumulate the portion of the net income not so paid or applied. It is apparent, therefore, that regardless of whether the trustee elected to treat the income received from the March 26 trust as income or principal of the March 5 trusts, the discretion given her to pay over to, or expend for the benefit of, the beneficiary of each of the March 5 trusts only so much of the income and principal as she deemed proper and to accumulate the remainder constituted a substantial barrier to the present use, possession, or enjoyment by each beneficiary of the net income of the March 26 trust. In the circumstances the gifts of that income were gifts of future interests [2] which do not qualify for exclusions under section 2503(b) unless they meet the requirements of section 2503(c) relating to transfers for the benefit of minors.

A gift qualifies for treatment as a gift of a present interest under section 2503(c) if the property and the income therefrom (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended (A) pass to the donee on his attaining the age of 21 years, and (B) be payable to the estate of the donee or as he may appoint under a general power of appointment in the event the donee dies before attaining the age of 21 years.

Respondent contends that the "property" here involved is the right to income on the principal amount of $128,192.13 for a term of 10 years; that since the death of either beneficiary Katherine or beneficiary Rosemary Konner terminates her respective trust under section 2.04 of the applicable March 5 trust and since section 2.01 of the March 26 trust then diverts all income to the surviving trust, the condition of subsection (2)(B) of section 2503(c) that the "property" be payable to the estate of the donee or as he may appoint is not met. We do not agree.

The income interest ("property") which each minor daughter of petitioners acquired was a beneficial interest in one-half of the income of the March 26 trust fund for a period of approximately 10 years or until her death prior to the end of that period. If she attained the age of 21, the income received by the March 5 trust of which she was the beneficiary, and any accretions thereto, which had not been paid to her or expended for her benefit, would then be paid to her. If she died prior to the end of the 10-year period, her trust would terminate and any income received by it prior to her death, which might have

---

[2] *Commissioner* v. *Disston*, 325 U.S. 442, 448–449; *Fondren* v. *Commissioner*, 324 U.S. 18, 20–24; *Arlean I. Herr*, 35 T.C. 732, decided this day.

been but had not been paid to her or expended for her benefit, was payable to her appointee or to her estate. Thus it is apparent that whether she lived to attain the age of 21 or whether she died prior thereto the provisions for the disposition of the income of her trust meet the requirements of section 2503(c).

It is true, as respondent points out, that section 2.01 of the March 26 trust agreement provides that if one of the minor beneficiaries should die before the end of the 10-year period and her trust then terminated, the income which would have been payable to her trust had she lived, from the time of her death to the end of the 10-year period, would be paid to the surviving trust for the benefit of her sister. We fail to see, however, how this provision for income accruing *after* the death of a beneficiary and the termination of her trust prevents the gift to either of the minor beneficiaries from meeting the requirements of subsection (2)(B) of section 2503(c). Respondent's contention that it does is based on the erroneous premise that the "property" which each beneficiary received was a right to one-half of the income on the principal amount of $128,192.13 for a term of 10 years, and that inasmuch as a part of that income, namely, that accruing during the portion of the 10-year period following her death, would pass to the surviving trust and not to her appointee or her estate, the requirements of subsection (2)(B) have not been met. As already noted, however, the gift which each minor beneficiary received was a gift of a beneficial interest in one-half of the income of the March 26 trust fund for a period of approximately 10 years *or* until her death prior to the end of that period. The question we have to decide is whether that income, to the extent that it was not paid to or expended for the benefit of the beneficiary during the existence of each March 5 trust, would pass to her if she attained the age of 21 or to her appointee or to her estate if she died before the expiration of the 10-year period. We think the trust agreements clearly indicate that it would, and we hold that under the provisions of section 2503(c) the gifts qualify for treatment as gifts of present interests for the purposes of section 2503(b).

*Decisions will be entered for the petitioners.*