ARLEAN I. HERR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROBERT F. HERR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 78089, 78090. Filed February 6, 1961.

*Norman H. Brown, Esq.*, for the petitioners.
*David E. Crabtree, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* In issue are gift tax deficiencies determined against petitioners, husband and wife, for 1955. The facts have been stipulated. The question for decision is whether each petitioner is entitled to a $3,000 exclusion under section 2503 of the 1954 Code in respect of a 1955 transfer to each of four trusts established for the benefit of petitioners' minor grandchildren in 1954. The transfers in question were made by petitioner Robert F. Herr; his wife is involved herein only because she consented in her gift tax return to have one-half of her husband's gifts treated as having been made by her.

On August 23, 1954, the husband, referred to as the settlor, created four trusts, each by separate declaration of trust for the primary benefit of a different minor grandchild. The four declarations of trust were identical except for the designation, by name and sex, of the grandchild who was to constitute the primary beneficiary of the particular trust. Relevant provisions of one of the trusts are as follows:

FIRST: Settlor hereby declares that he holds 425 shares of common stock of Philco Corporation (which he is at this time transferring to himself as Trustee hereunder), IN TRUST, as follows:

(a) To pay the net income to Settlor's granddaughter, FRANCEAN H. HALLINGER, until her arrival at age thirty (30) and then to pay over to her the principal.

(b) If Settlor's said granddaughter shall die before reaching age thirty (30) the principal shall be paid

(1) To her surviving issue, per stirpes, or, if she leaves no surviving issue

(2) In equal shares to her siblings living at her death and to the issue of any sibling then deceased, such issue to take, per stirpes, the share the deceased sibling would have received if living.

\*      \*      \*      \*      \*      \*      \*

THIRD: Trustee shall retain any share of income or principal payable to a minor, together with any income accruing thereon, and may invest and reinvest the same as in the case of other property comprising the principal of this trust and may apply so much of such income and principal as he deems necessary directly for the maintenance, support and education of the minor, or may pay the same to any person selected by him to disburse it, whose receipt shall be a complete acquittance to Trustee therefor, without in any case any order of

court or the intervention of any guardian. All unexpended sums of accumulated income and principal shall be paid to the minor at his or her majority or to his or her estate if the minor dies before majority.

On January 19, 1955, petitioner Robert F. Herr added to the corpora of the trusts by transferring to each trust certain corporate stock having a then fair market value of $16,070.31. The primary beneficiaries were then 6, 4, 3, and 2 years of age, respectively. In the case of each such transfer, the present worth at the date of the transfer of the right to receive the income from the transferred stock during the minority of the primary beneficiary was in excess of $6,000.

In their gift tax returns for 1955 each petitioner claimed four annual exclusions of $3,000 each. The Commissioner disallowed the exclusion on the ground that "Transfers to donor's four grandchildren are deemed to have been gifts of future interests for which no exclusions are allowed. Section 2503, Internal Revenue Code of 1954." [1]

We dispose first of the contention that petitioners are entitled to the exclusions under section 2503(b) apart from subsection (c). [2] Subsection (b), to the extent that it is relevant here, was derived from section 1003(b)(3) of the 1939 Code, and the decisions relating to the latter provisions are pertinent.

Plainly, as recognized by petitioners, the gifts of corpus represented future interests and could not comply with the requirements for the exclusion. However, a gift may be separated into its component parts one of which may qualify as a present interest so as to bring the statutory exclusion into play. *Fondren* v. *Commissioner*, 324 U.S. 18, 21. And petitioners contend that the income interest up to the

---

[1] I.R.C. 1954:
SEC. 2503. TAXABLE GIFTS.

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

(c) TRANSFER FOR THE BENEFIT OF MINOR.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

[2] Both parties agree that a gift to a minor which does not satisfy the requirements of section 2503(c) may qualify as a gift of a present interest under section 2503(b). Gift Tax Regs. I.R.C. 1954, sec. 25.2503-4(c).

majority of each grandchild is not disqualified as a "future interest." [3] We disagree.

As appears from paragraph Third of each trust instrument, the trustee is directed to "retain any share of income or principal payable to a minor, * * * and may invest and reinvest the same * * * and may apply so much of such income and principal as he deems necessary directly for the maintenance, support and education of the minor * * *. All unexpended sums * * * shall be paid to the minor at his or her majority * * *." That this provision requires the income interest in question to be classified as a future interest is made clear by *Commissioner* v. *Disston*, 325 U.S. 442, where the Court said (pp. 448–449):

> The language of the trust instruments directs that the income be accumulated during minority. The subsequent provision for payments for maintenance and support may be said to indicate a departure from the policy of accumulation only when necessary, in the reasonable discretion of the trustees. If that is the appropriate interpretation of the trust instruments, then little difference from the *Fondren* case is involved. Even in its practical working, the trustees did not find the necessary prerequisites for a steady application of all or any ascertainable part of the income for education, support and maintenance.

> But, even though the trustees were under a duty to apply the income for support, irrespective of outside sources of revenue, there is always the question how much, if any, of the income can actually be applied for the permitted purposes. The existence of a duty so to apply the income gives no clue to the amount that will be needed for that purpose, or the requirements for maintenance, education and support that were foreseeable at the time the gifts were made. In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor would be required, there is no basis for a conclusion that there is a gift of anything other than for the future. * * *

To the same effect is *Hessenbruch* v. *Commissioner*, 178 F. 2d 785 (C.A. 3). Accordingly, we hold that petitioner is not entitled to the claimed exclusions under subsection (b) without the benefit of subsection (c). We therefore pass to the question whether subsection (c) is operative to allow the exemption under (b) which would not otherwise be available under the provisions of (b) standing alone.

Subsection (c) became part of our revenue law for the first time in 1954, and the legislative history discloses that it was in response to the difficulties arising in connection with the classification of a gift for the benefit of a minor as a present interest. H. Rept. No. 1337, 83d Cong., 2d Sess., p. 93; S. Rept. No. 1662, 83d Cong., 2d Sess., p. 127. However, as the foregoing report of the House Committee points out in its "Detailed Discussion of the Technical Provisions of the Bill" (p. A 322), the new provision merely "partially relaxes the 'future interest' restriction contained in subsection (b), in the case of

---

[3] Petitioners do not contend, nor could they successfully do so, that the income for the period between the ages of 21 and 30 is a present interest.

gifts to minors, by providing a specific type of gift for which the exclusion will be allowed," and the question before us is whether the gifts herein are within the range of the new provision.

A superficial reading of subsection (c) would appear to exclude the present gifts from its coverage, for it requires that "the property and income therefrom" may be expended by or for the benefit of the minor prior to majority and to the extent not so expended will pass to the minor at 21 or to his estate or his appointee in the event of death before 21. And since the corpus of each trust which generates the income here in issue is payable to the beneficiary, pursuant to paragraph First, only upon attaining the age of 30 (with provision for other disposition in the event of prior death), it may be argued, as is done by the Government, that subsection (c) is inapplicable. That argument would be sound if the term "property" were treated as the equivalent of the trust corpus in this case. If one were to consider only the naked words of the statute, that interpretation would be a reasonable one. However, we are satisfied, upon examining the gift tax provisions generally as they have been judicially interpreted, that such is not in accord with the intention of Congress.

As noted above, the Supreme Court has expressly recognized that a gift may be separated into component parts one of which may qualify as a present interest under the statute. *Fondren* v. *Commissioner*, 324 U.S. 18, 21; *Commissioner* v. *Disston*, 325 U.S. 442, 447. We think it highly unlikely that the draftsmen of the pertinent provisions of the 1954 Code were unaware of these decisions which loomed so large in so limited a field. Certainly, if the donor had made a gift of income only to each grandchild subject to the conditions set forth in paragraph Third, it would comply fully with the requirements of subsection (c), and the Government does not contend otherwise. Cf. *Jacob Konner*, 35 T.C. 727, decided this day.[4] The word "property" as related to that situation would refer to the entire subject of the gift. And it is difficult to see why such a gift should not similarly qualify as a present interest merely because it is coupled together with two other components (income from 21 to 30 and corpus at 30) which are future interests. For, both the *Fondren* and *Disston* cases have made it clear that one component may satisfy the conditions for a present interest while another fails to do so. Accordingly, it is our opinion that when considered in this context Congress intended the word "property" to mean, not the corpus of a trust, but rather the totality of elements that go to make up the entire gift that is being considered for classification as a present interest.

[4] In the *Konner* case, the Commissioner explicitly treated a series of income payments for a maximum period of approximately 10 years as "property" within the meaning of section 2503(c) but contended that they failed to satisfy the requirements of those provisions for reasons that are not germane here.

In this case the totality of those elements consists of all the income up to majority. In the aggregate all such payments constitute the "property" in question, and since this "property" and the accretions thereto must be expended for the benefit of the donee prior to majority or paid over to the donee at 21 or to the donee's estate or appointee in the event of death prior to 21, the requirements of subsection (c) are fully met. Otherwise, Congress would have intended the incongruous result of classifying such income payments up to majority as a present interest when not accompanied by a gift of corpus but as a future interest when the gift thereof is made in conjunction with a gift of corpus that fails to qualify. We cannot believe that it intended any such strange distinction, and we hold that the gifts of income up to majority satisfy the requirements of subsection (c).

*Decisions will be entered under Rule 50.*