Josephine F. ROLLMAN
v.
The UNITED STATES.

Justin A. ROLLMAN
v.
The UNITED STATES.
Nos. 108–63, 109–63.

United States Court of Claims.
March 12, 1965.

Roger K. Powell, Columbus, Ohio, and Leo Weinberger, Cincinnati, Ohio, for plaintiffs.

Mitchell Samuelson, Washington, D. C., with whom was Asst. Atty. Gen. Louis F. Oberdorfer, for defendant; C. Moxley Featherston, Lyle M. Turner, and Philip R. Miller, Washington, D. C., were on the briefs.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

COWEN, Chief Judge.

This is a suit for the refund of gift taxes alleged to have been erroneously assessed in the amounts of $2,953.12 against plaintiff Justin A. Rollman and of $866.72 against plaintiff Josephine F. Rollman, plus statutory interest on both amounts.

The two cases were ordered consolidated for trial, and both present the same issue for decision: whether certain transfers in trust qualify for the exclu-

sion from the gift tax provided by 26 U. S.C. (I.R.C.1954) § 2503 (1958 Ed.).[1]

Plaintiffs are husband and wife; the latter's tax liability arose solely by virtue of her consenting to have one-half of her husband's gift considered as having been made by her, as allowed by 26 U.S. C. (I.R.C.1954) § 2513 (1958 Ed.). Since for the purposes of this litigation, plaintiffs' liability (except as to amounts) is governed by identical facts, they will be referred to jointly as plaintiffs, even though the principal facts generally involve only the husband, Justin A. Rollman.

In November 1959, plaintiffs consulted an experienced tax attorney for the purpose of obtaining advice as to the procedure to be followed for making gifts to their minor grandchildren in a manner that would permit plaintiffs to take advantage of the gift tax exclusion of the Internal Revenue Code, if possible. They were advised that if Justin A. Rollman, as settlor, would execute an irrevocable trust agreement containing the following pertinent provisions, transfers by plaintiff to the trust would qualify for the statutory exclusion from the gift tax:

"2.1 All of the income of each trust shall be accumulated until the named beneficiary of such trust shall reach the age of twenty-one (21). At such time all accumulated income shall be distributed to such beneficiary, and thereafter the current net income of the trust shall be distributed to the beneficiary at least quarterly, until the termination of the trust.

"2.2 Anything to the contrary herein notwithstanding, the Trustees may at any time until termination of this trust distribute the accumulated or current net income of each such trust to or for the benefit of the beneficiary of such trust, if such distribution shall be necessary in the discretion of the Trustees for his proper health, education, maintenance, and support, in the style to which he has been accustomed.

\*    \*    \*    \*    \*    \*

"5.1 (a) Upon each of the respective beneficiaries reaching the age of twenty-one (21), the principal of their trust shall be distributed to them forthwith unless they, or if incapacitated, their personal representatives request continuance of the trust.

"(b) If they shall die before reaching such age, such principal and any accumulated income shall be paid to such persons (without limitation) as such beneficiary shall have appointed to receive the same by a valid will,

---

1. "§ 2503.  Taxable gifts

"(a) *General definition.*—The term 'taxable gifts' means the total amount of gifts made during the calendar year, less the deductions provided in subchapter C (sec. 2521 and following).

"(b) *Exclusions from gifts.*—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

"(c) *Transfer for the benefit of minor.*—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

"(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

"(2) will to the extent not so expended—

"(A) pass to the donee on his attaining the age of 21 years, and

"(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c)."

or if no such general power of appointment has been validly exercised, then to the estate of such beneficiary."

On December 28, 1959, a trust agreement containing the above-quoted provisions was executed by the settlor and his wife and by three trustees. By the terms of the trust instrument, the settlor established five separate trusts for the benefit of his five minor grandchildren, whose ages at the time were 11 years, 9 years, 5 years, 2 years, and 9 months, respectively. On the same date, Mr. Rollman conveyed to the trustees an undivided one-half interest in real property, which then had an appraised value of $22,500. The petitions state that the value of the annual income which would be realized by the trusts for each donee from the rental of the real estate during the duration of the trust would be $714. Also, that on the basis of the life expectancy of each beneficiary, the value of the gift of income would vary between $5,516.29 for the eldest grandchild to $10,205.92 for the youngest grandchild.

Plaintiffs filed gift tax returns for 1959 and claimed two exclusions of $2.250 (one for each plaintiff) with respect to each of the five grandchildren of plaintiffs who are the beneficiaries of the trust.

Upon audit of the 1959 gift tax return above, the Commissioner of Internal Revenue disallowed the exclusions claimed by plaintiffs on the ground that the transfers to the trusts were gifts of future interests.

After being informed of the basis for the disallowance, plaintiffs sought to remedy the defect by executing on March 10, 1961, an instrument which purports to correct the 1959 indenture so as to reflect the original intention of the settlor. The instrument reads in part as follows:

"NOW, THEREFORE, for the purpose of conforming to the original intention of the Settlor, Item 2, Paragraph 2.2 of said Trust Agreement is hereby corrected to read as follows:

"2.2 Anything to the contrary in said original Trust Agreement notwithstanding, the property and the income therefrom of each Trust may be expended by, or for the benefit of, the donee of the respective Trust before his attaining the age of 21 years, and shall to the extent not so expended pass to the donee on his attaining the age of 21 years, and in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in Section 2514(c) of the Internal Revenue Code."

Plaintiffs' timely claims for refund were denied by the Commissioner of Internal Revenue on November 28, 1962, and these suits followed.

In its motion for summary judgment, defendant asserts:

(a) The original trust agreement does not give the beneficiaries a present interest in income or corpus and, therefore, plaintiffs' gifts do not qualify for the exclusion provided for in subsection (b) of Section 2503 of the Internal Revenue Code of 1954;

(b) the failure of the original trust instrument to grant the trustees power to distribute the corpus of the trust to the beneficiaries renders the trust ineligible for the gift tax exclusion, even under the provisions of subsection (c) of Section 2503, and

(c) the attempted correction of the trust agreement is ineffective to alter the Federal gift tax consequences of the prior transaction.

In their response and cross-motion for summary judgment, plaintiffs contend:

(a) The trust instrument of December 28, 1959, gives the trustees the discretion to distribute trust income to the beneficiaries, and by virtue of the provisions of subsection (c) of Section 2503,

the trust income is property and qualifies plaintiffs' gifts as gifts of present interests, and

(b) even if the original trust instrument is defective for the purposes of the exclusion authorized in Section 2503(c), the reformed trust instrument of March 10, 1961, must be read as part of the original agreement and is effective from the date of the inception of the trust for both State law and Federal gift tax purposes.

Defendant's contentions may be elaborated as follows:

(1) The legislative history of Section 2503(c) indicates an intention to prescribe for gifts to minors a specific plan, which requires that both income and corpus be available for distribution to the minor;

(2) the clear wording of subsection (c) requires that both the corpus of the trust and the income must meet the requirements of subsection (c)(1) and (2), and

(3) since we are dealing in the context of trusts, "property" must be equated with "corpus".

Plaintiffs respond that the legislative history of Section 2503 (c) indicates that either trust income or the corpus of the trust qualifies for the exclusion and that the term "property" is a generic term which has a broader meaning than "corpus".

■ Section 2503(b) of the 1954 Internal Revenue Code allows an exclusion from the gift tax for the first $3,000 of such gifts (other than gifts of future interests in property). The term "future interest" has been contrasted with a present economic interest, which in the context of a trust is illustrated by a right of the beneficiary to a mandatory distribution of trust income. Fondren v. Commissioner, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668 (1945). Where the gift is to a trust, the *cestui que* trust is deemed to be the donee of the gift for the purposes of the exclusion, Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909 (1941). It is conceded that

when Section 2503(b) is read without reference to subsection (c), a transfer to the trust is a gift of a future interest if the trust income is payable at the discretion of the trustee and not as a matter of right, as in the case of the trust agreement before us. Commissioner v. Disston, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720 (1945); Fondren v. Commissioner, supra.

■ However, subsection (c), which first became a part of the revenue law in 1954, modified Section 2503(b) by redefining the term "future interest" as applied in connection with gifts to minors. Therefore, we must decide whether the words "the property and the income therefrom" in Section 2503(c) mean that when a gift is made to a minor through a trust device, the trust income *and* the trust corpus must both meet the requirements of availability for distribution to the minor, or whether a provision in a trust agreement for distribution of either income *or* corpus meets that requirement.

The question before us has been considered by other courts and has been resolved in favor of plaintiffs' contention. Arlean I. Herr, 35 T.C. 732 (1961), aff'd 303 F.2d 780 (3d Cir. 1962); Jacob Konner, 35 T.C. 727 (1961); Carl E. Weller, 38 T.C. 790 (1962); Ross v. United States, 226 F.Supp. 333 (S.D.Tex.1963); Josephine N. Thebaut, Memo 1964–102, T.C., April 21, 1964; we agree with the rationale set forth in these opinions.

Prior to the enactment of the Internal Revenue Code of 1954, in which Section 2503(c) was added, it was well settled that under the provisions of the predecessors of Section 2503(b), the right of the minors to a distribution of income in a trust and their right to a distribution of the trust corpus, could separately qualify for the purposes of the exclusion allowed by the gift tax. Fisher v. Commissioner, 132 F.2d 383 (9th Cir. 1942); Fondren v. Commissioner, supra. However, the exclusion was not allowed if the trust instrument left the distribution of income to the

discretion of the trustee. In Fondren, the Supreme Court stated " * * * [w]henever provision is made for immediate application of the fund for such a purpose, whether of income or of corpus, the exemption applies".

When Congress was considering the proposals which culminated in the enactment of the Internal Revenue Code of 1954, it was aware of the court decisions which had treated transfers to trusts as future interests when the provisions of the trust instrument gave the trustee discretionary powers with respect to the distribution of income to minor beneficiaries. Since minors are under disability as a matter of local law, there was uncertainty as to whether gifts to minors through a trust device could ever be considered as gifts of a present interest. The legislative history [2] demonstrates that Section 2503(c) was added in the 1954 Code of Internal Revenue to remedy these problems. The Report of the Senate Committee in its "Detailed Discussion of the Technical Provisions of the Bill", (1954 U.S. Code Cong. & Ad. News, p. 5122) stated as follows:

"Subsection (b) of this section corresponds to section 1003(b)(3) of the 1939 Code in the House bill, but your committee has made a substantive amendment. Certain court decisions have indicated that, although a gift may be made in trust of the present right to receive income, if powers are given to the trustee in his uncontrolled discretion to pay over the trust principal to the income beneficiary, the income interest is not susceptible of determination and, therefore, is to be treated as a gift of a future interest. Your committee believes that such determinations, in certain instances, may reach undesirable results. Accordingly, subsection (b) has been modified by your committee to provide that, where there has

been a transfer to any person of a present interest in property the possibility that such present interest may be diminished by the exercise of a power shall be disregarded in determining whether the gift of such an interest is a future interest, provided that no part of such interest will at any time pass to any other person."

■■ In determining what Congress intended when it enacted Section 2503 (c), the Tax Court in Arlean I. Herr, supra, held that "property" includes income which *may* be expended by the trustee for the donee during his minority, even though the gift of the corpus of the trust fails to qualify for the gift tax exclusion.

We agree with this interpretation of the statute. Section 2503 nowhere explicitly refers to trusts; it covers the whole gamut of gifts. In this context, we must conclude, as did the Third Circuit in Commissioner v. Herr, supra, that "property" as used in Section 2503(c) is not equivalent to "corpus". Since Section 2503 applies to all forms of gifts, it covers a transfer of property in which the property itself is income, viz., an assignment of rents. Income rights may be productive of income, e. g., interest on an overdue installment, interest on income after receipt, or an increment upon the investment of income received.

We have considered Treasury Regulations 25.2503–3 (1954) and 25.2503–4 (1954). To the extent that they are in conflict with the decision in the Herr case, we believe the regulations are not in accord with the intention of Congress.

Since we have concluded that the provisions of the trust instrument before us with respect to the trust income meet the requirements of Section 2503(c), it follows that the exclusion provided in Section 2503(b) is available for the gifts

---

2. S.Rep.No. 1622, 83d Cong., 2d Sess., 1954 U.S.Code Cong. & Ad.News, pp. 4621, 4760, 5122; H.Rep.No. 1337, 83d Cong., 2d Sess., 1954 U.S.Code Cong. & Ad.News, pp. 4017, 4120, 4465; H.Rep. No. 2543, 83d Cong., 2d Sess., 1954 U.S. Code Cong. & Ad.News, pp. 5280, 5336.

made by plaintiffs. In view of this disposition of the case, we do not reach the legal or factual issues relating to the effect of the correction of the trust agreement.

Accordingly, defendant's motion is denied. Judgment is entered for plaintiffs on their motions for summary judgment, with the amount of recovery to be determined pursuant to Rule 47(c) (2).