COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Josephine N. THEBAUT

and

Charles R. Thebaut, Jr., Respondents.

No. 22006.

United States Court of Appeals
Fifth Circuit.

May 27, 1966.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Sheldon S. Cohen, Chief Counsel, I.R.S., Charles Owen Johnson, Atty., I.R.S., Meyer Rothwacks, Edward L. Rogers, Attys., Dept. of Justice, Washington, D. C., for petitioner.

William R. Frazier, Jacksonville, Fla., for respondents.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and FISHER, District Judge.

WISDOM, Circuit Judge:

Charles and Josephine Thebaut, in filing their gift tax returns for 1958, 1959, and 1960, applied the annual exclusion provided by Section 2503(b) of the Internal Revenue Code of 1954 to the full amount of gifts of principal and income made to trusts created for a minor child and three minor grandchildren. The Commissioner disallowed the exclusions. The Tax Court overruled the Commissioner. Josephine N. Thebaut, 42 T.C. 1155 (1964). We affirm that part of the Tax Court's decision permitting exclusion of the gifts of *income*. Arlean I. Herr, 35 T.C. 732 (1961), affirmed, 3 Cir. 1962, 303 F.2d 780. But because the gifts of principal do not qualify as a present interest under Section 2503 (c), we reverse and remand for entry of deficiencies due on the gifts of principal.

*  *  *

All of the facts are stipulated. The case presents the narrow question whether gifts of both principal and income in trust to minors qualify for the $3000 annual exclusion from the donors' gift tax under Section 2503(b), when only the gifts of income qualify as present interests under the terms of Section 2503(c).

In computing the amount of his taxable gifts, a taxpayer may, under Section 2503(b), exclude up to $3000 from gifts to each donee during the calendar year. Since the 1932 Revenue Act, however, the Code has specifically denied the annual exclusion to gifts of "future interests." In Section 2503(c) of the 1954 Code Congress made it clear that certain gifts in trust for the benefit of minors are to be treated as gifts of present interests which qualify for the annual exclusion.[1] This section provides:

(c) Transfer for the benefit of minor.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

In Arlean I. Herr, 35 T.C. 732 (1961), the Tax Court permitted gifts in trust to minors to qualify for the annual exclusion without strictly meeting the stringent terms of Section 2503(c). In that case gifts of income and principal met the terms of the statute except that the trustee could not deliver the principal until the beneficiaries reached thirty years of age. The Commissioner disallowed the donor's attempted exclusion of the gifts, relying upon the statutory language, "No part of a gift * * * shall be considered a gift of a future interest * * * if the *property and income* therefrom—" meet the stated conditions. (Emphasis added.) "Property" means the principal or the trust corpus, the Commissioner argued, and therefore gifts of *both* principal and income must meet Section 2503(c) standards if *either* is to qualify for the Section 2503(b) exclusion.

The Tax Court in an able opinion by Judge Raum, took a different view. It reasoned that:

Congress intended the word "property" to mean, not the corpus of the trust, but rather the totality of elements that go to make up the entire gift that is being considered for clas-

[1] "The basic problem in connection with the application of the annual exclusion to gifts to minors is to what extent the legal disabilities of infancy with respect to the present enjoyment of property prevent a gift from being a gift of a present interest." Prior to the 1954 Code, it was settled that a gift to an infant, which, because of the explicit restrictions on the donee's present enjoyment would have been regarded as a gift of a future interest, if the same gift had been made to an adult, was a gift of a future interest which did not qualify for the exclusion. This is still true under the 1954 Code except in the situation covered by Section 2503(c). The most perplexing problem in connection with gifts to in-

fants before the adoption of the present code was whether a gift to an infant, which would have been a gift of a present interest, if it had been a gift to an adult, was a gift of a future interest, because the legal disabilities of infancy prevented the donee from fully possessing and enjoying the donated property. Apart from the area covered by Section 2503(c), this remains the most perplexing problem under the 1954 Code." Lowndes & Kramer, Federal Estate and Gift Taxes 718–19 (1962). See also Caplin, "How to Treat Gifts to Minors", N.Y.U. 13th Inst. on Fed. Tax 193 (1955); Newman, Tax and Substantive Aspects of Gifts to Minors, 50 Cornell L.Q. 446, 454 (1965).

sification as a present interest. In this case the totality of those elements consists of all the income up to the majority. 35 T.C. at 736–737.

Under this interpretation, the beneficiaries' interest in the income of the trusts is "property"; the requirement that both the "property and income therefrom" meet stated conditions is therefore satisfied. The Court fortified its position by observing that Congress, when it enacted Section 2503(c), was aware of settled principles of law permitting separation of a gift into component parts, one of which may qualify as a present interest for the annual exclusion.[2] Citing Jacob Konner, 35 T.C. 727 (1961), decided on the same day by the same judge, the Court held that the failure of the gifts of principal to qualify as present interests does not deny the annual exclusion to the properly qualified gifts of income. The Third Circuit affirmed the Tax Court. Commissioner of Internal Revenue v. Herr, 3 Cir. 1962, 303 F.2d 780.

This case is like *Herr* in that the gifts of income qualify as present interests under Section 2503(c) but the gifts of principal do not. The pertinent terms of the trust, set out in the margin,[3] do not provide that the gifts of principal "may be expended by, or for the benefit of, the donee before his attaining the age of 21 years. * * *" In the Tax Court, the Commissioner adhered to his unsuccessful contention in *Herr* that gifts of both principal and income must meet Section 2503(c) standards if either is to qualify for the Section 2503(b) exclusion. The Tax Court not only again rejected the Commissioner's position, but went beyond its holding in *Herr*. Its decision that no deficiencies are due in effect held that both the gifts of income and principal qualify for the $3000 annual exclusion even though only the gifts of income qualify as a present interest under Section 2503(c).

On appeal, the Commissioner altered his position in deference to approval of *Herr* by the Tax Court, Carl E. Weller, 38 T.C. 790 (1962), and by the Court of Claims, Rollman v. United States, Ct.

2. 35 T.C. 736 citing Fondren v. Commissioner of Internal Revenue, 1945, 324 U.S. 18, 65 S.Ct. 499, 89 L.Ed. 668 and Commissioner of Internal Revenue v. Disston, 1945, 325 U.S. 442, 65 S.Ct. 1328, 89 L.Ed. 1720, 158 A.L.R. 166; see also, Fisher v. Commissioner of Internal Revenue, 9 Cir. 1942, 132 F.2d 383; Sensenbrenner v. Commissioner of Internal Revenue, 7 Cir. 1943, 134 F.2d 883.

3. The four trusts contained the following identical terms:

ARTICLE 2.

During the continuance of this Trust, the Trustees shall hold, manage, invest and reinvest the trust estate, shall collect the income therefrom and after paying all ordinary and necessary expenses incident to the administration thereof, shall distribute and pay over such part of the said net income to or for the benefit of * * * [the named beneficiary], in such amounts and at such times as the Trustees in their sole and absolute discretion may elect.

ARTICLE 3.

The Trust hereby created shall continue from the date of this Trust

Agreement until the beneficiary above named has attained the age of twenty one (21) years or said beneficiary shall have * * * [his or her] disabilities of minority removed by order of the Circuit Court of Duval County, Florida, whichever event shall first occur. Upon said beneficiary's attaining the age of twenty one years or having * * * [his or her] disabilities of minority removed as aforesaid, the Trustees shall pay over and convey to said beneficiary the then remaining corpus of this trust estate, together with any accumulated and undistributed income, absolutely free of the terms hereof, and the trust hereby created shall forthwith and without any further act or deed terminate. In the event that the said beneficiary should die before the termination date of this Trust hereinabove specified, then in such event the Trustees shall pay over and convey the corpus of this trust estate, together with any accumulated and undistributed income to the estate of said beneficiary and the trust hereby created shall likewise forthwith and without any further act or deed terminate.

Cl.1965, 342 F.2d 62.[4] The Commissioner now concedes, by stipulation with the taxpayer, that the gifts of income interests qualify for the annual exclusion. However, he contends that the donors are entitled to exclude only the "value of the income interest at the time of transfer" and not also the value of the gifts of principal; that "by inadvertence of both parties, the Rule 50 computations (and the decisions of the Tax Court) allowed the exclusions, not in excess of $3000, originally claimed for the entire amount of the gifts."[5]

■ We agree with the Commissioner. Under the *Herr* definition of "gift" and "property", the language of Section 2503(c) means in this case: "No part of [an income interest] * * * shall be considered a gift of a future interest * * * if [the income interest] and income therefrom—" meet the stated conditions. Clearly this interpretation of the statute does not authorize exclusion of a non-qualifying gift of principal simply because it is accompanied by a qualifying gift of income.

Our approval of the Commissioner's revised position is consistent with the pre-1954 cases recognizing that a gift may be separated into component parts, one of which may qualify as a present interest for purposes of the annual exclusion.[6] These decisions permitted exclusion only of the qualifying component. The taxpayers argue too much when they suggest that those cases "are not in any way comparable to this situation." Had

the Tax Court not relied on those cases in *Herr* to permit separation of a gift into component parts, there would be good reason to sustain the Commissioner's earlier position that no part of the gifts qualifies for the annual exclusion unless *both* the principal and income parts qualify as present interests under Section 2503(c). Having found these pre-1954 cases indeed comparable and having adopted their rationale to the taxpayers' benefit, we are not inclined to repudiate the result of the cases to extend further tax benefits.

■ The taxpayers' final attempt to preserve for the annual exclusion the gifts of principal takes a broader tack. They read our recent decision in Ross v. United States, 5 Cir. 1965, 348 F.2d 577, as establishing the broad principle that a gift of principal in trust qualifies as a present interest under Section 2503(c) even in the absence of the trust instrument's express authorization that the trustees may expend the principal for the benefit of the minor beneficiaries. In fact, however, *Ross* held that a gift in trust to a minor, *under a trust agreement authorizing the trustee to exercise all the powers of a guardian*, including the power to invade the trust corpus, may be considered a gift of a present interest for purposes of Section 2503(c). We read the statutory language "may be expended" to mean "may be expended within the [reasonable, prudent and ordinary] limitations imposed on guardians by state law." Id. at 579, 581.

---

4. "Section 2503 nowhere explicitly refers to trusts; it covers the whole gamut of gifts. In this context, we must conclude, as did the Third Circuit in Commissioner [of Internal Revenue] v. Herr, supra, that 'property' as used in Section 2503(c) is not equivalent to 'corpus'. Since Section 2503 applies to all forms of gifts, it covers a transfer of property in which the property itself is income, viz., an assignment of rents. Income rights may be productive of income, e. g., interest on an overdue installment, interest on income after receipt, or an increment upon the investment of income received." Rollman v. United States, Ct. Cl.1965, 342 F.2d 62, 67.

5. The explanation is plausible, since the order permitting exclusion of the gifts of principal conflicts with the court's agreement with taxpayers' position to the extent that "the income interests of the trusts qualify for the $3000 annual exclusion." 42 T.C. at 115.

   In Rollman v. United States, supra note 4, the Court of Claims permitted exclusion of gifts of income which met the terms of Section 2503(c), but did not permit exclusion of accompanying gifts of principal which did not meet the statutory requirements.

6. See cases cited in footnote 2.

The trust agreement in this case does not establish a guardianship. Nor does it provide any other method by which the trustee may expend the principal before the beneficiaries reach 21. Absent satisfaction of this statutory requirement, the gifts of principal are not present interests and cannot qualify for the annual exclusion.

\* \* \*

In summary, we adopt the rationale of *Arlean I. Herr,* supra, and affirm that part of the Tax Court's decision permitting taxpayers to exclude from their gift tax returns for 1958, 1959, and 1960 their gifts in trust of income to the minor beneficiaries. We reverse that part of the Tax Court's decision permitting exclusion of taxpayers' gifts in trust of principal, and remand for entry of deficiencies according to the parties' stipulations.