Frank T. King v. Commissioner. Margaret D. King v. Commissioner.
King v. Commissioner
Docket Nos. 1300-68, 1301-68.
United States Tax Court
T.C. Memo 1969-117; 1969 Tax Ct. Memo LEXIS 176; 28 T.C.M. (CCH) 614; T.C.M. (RIA) 69117; June 16, 1969, Filed. Martin J. Torphy, for the petitioners. Lawrence G. Becker, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in gift taxes against petitioners, Frank T. King and Margaret D. King, in the amounts of $247.50 and $67.50, respectively, for the taxable year ending December 31, 1966. The sole issue is whether the gift of certain property in trust (described herein) constituted a gift of a present interest in property so as to qualify for the exclusionary provisions of section 2503(b), Internal Revenue Code of 1954. [1]
Findings of Fact Petitioners, Frank T. King and Margaret D. King [2] (hereinafter referred to as Frank and Margaret respectively), husband and wife, resided in Elm Grove, Wisconsin, at the time they filed their separate petitions 615 herein. They filed separate individual United States Gift Tax returns for the calendar year 1966 with the district director of internal revenue, Milwaukee, Wisconsin. *178 On these returns, each elected and consented to have their gifts, made to third parties during that year, treated for gift tax purposes under section 2513(a)(1). [3]
Kristin Barr (hereinafter sometimes referred to as Kristin) is the granddaughter of the *179 petitioners. In January 1966 Kristin was almost 9 years old. Mary King Barr is Kristin's mother and the daughter of Frank and Margaret. On January 28, 1966, petitioner Frank created a trust for the benefit of Kristin whereby the First Wisconsin Trust Company agreed to act as trustee. The following sets forth the portions of the trust agreement insofar as they are pertinent to the issues raised herein: AGREEMENT THIS AGREEMENT made this 28th day of January, 1966, between FRANK T. KING of the County of Waukesha, Wisconsin, as Donor, party of the first part (hereinafter referred to as "Donor"), and FIRST WISCONSIN TRUST COMPANY, a corporation, of the City and County of Milwaukee, Wisconsin, as trustee, party of the second part (hereinafter referred to as "Trustee"). WITNESSETH: WHEREAS, the Donor desires to create a trust of property for the uses and purposes hereinafter mentioned; NOW, THEREFORE, in consideration of the premises and of the mutual agreements herein contained, the Donor does hereby transfer and deliver to the Trustee, its successors and assigns the cash and/or securities described in Schedule "A" attached to this agreement and made a part and parcel of this *180 agreement, together with all interest, income and profits accrued or to accrue thereon. Said property and any subsequent additions thereto are hereinafter for convenience referred to as the "trust estate." TO HAVE AND TO HOLD said trust estate and the proceeds thereof and all investments and reinvestments thereof unto the Trustee; IN TRUST, NEVERTHELESS, for and upon the following uses and purposes and subject to the terms, conditions, powers and agreements hereinafter set forth: ARTICLE I. The Trustee shall hold, manage, sell, invest and reinvest, in the manner hereinafter specified, the trust estate and the proceeds thereof, and any property in which such proceeds may from time to time be invested or reinvested and shall collect and receive the income, interest, dividends and profits thereof; and after deducting the proper and necessary expenses in connection with the administration of the trust, the Trustee shall pay and apply the net income, interest, dividends and profits (hereinafter sometimes termed the income), as hereinafter provided. Any and all income which has accrued on securities at the time of the delivery thereof by the Donor to the Trustee shall be considered *181 by the Trustee as income and distributed accordingly to the beneficiary hereunder. ARTICLE II. The Trustee shall from time to time as it may see fit pay to Kristin Barr, age eight (8), the beneficiary, all or part of the income, interest, dividends and profits of the trust or use the same for the use and benefit and education of said beneficiary. The Trustee may use any part of the principal of said trust for the same purposes as it may deem necessary. ARTICLE III. This trust shall end upon the beneficiary becoming thirty (30) years of age, and the trust estate shall be given and conveyed to Kristin Barr upon her reaching her thirtieth birthday. In the event Kristin Barr dies before she reaches the age of thirty (30) years, then in that event the trust estate is to become part of a trust created by Frank T. King for her mother, Mary King Barr, in which the First Wisconsin Trust Company is named Trustee. If the said Mary King Barr is past the age of fifty (50) years then in that event this trust is terminated and all of the assets in this trust shall be turned over to Mary King Barr. * * * 616 ARTICLE XII. The trust created under the terms of this indenture is irrevocable *182 and it is specifically understood and agreed that the assignment and transfer to the trustee of the trust property herein mentioned are so made by the Donor without reserving to himself any right, power or authority to annul, cancel, amend, alter or revoke the same. This indenture is delivered by the Donor to the Trustee absolutely and irrevocably and without any condition limitation, or reservation, whatsoever other than is herein expressly set forth; and all of the trust, powers, estates, duties and obligations hereby created and hereby conferred upon and vested in the Trustee are irrevocable. * * * The agreement also contained articles relating to the powers in the trustee to invest, to determine between income and principal, and to determine the manner of division and distribution of the trust principal when it may be required to do so, and to the duty of the trustee to render annual accounts of the administration of the trust to the legal guardian of Kristin. There is no evidence that a guardian for Kristin was ever appointed. On January 28, 1966, Frank T. King transferred to the First Wisconsin Trust Company, as trustee, the $10,000 referred to in the trust agreement executed *183 on that date. The trustee's normal procedure for making distributions from similar trusts was generally as follows. The parents or guardian of the minor beneficiary would request the trust officer to have a distribution made. The request would be accompanied by some explanation why the funds were needed. The trust officer would then write a memorandum to three other officers, including the trustee's general counsel, explaining the reasons for the request and making a recommendation as to whether a distribution should be made. Subject to their approval, the distribution would then be made. To the date of trial in this proceeding on March 3, 1969, none of the income from the trust for Kristin's benefit has been distributed. In their individual gift tax returns for 1966, each of the petitioners claimed a gift tax exclusion of $3,000 for the gifts made to Kristin as beneficiary of the trust described above. The Commissioner determined deficiencies in their gift taxes reflecting his disallowance of the claimed exclusions, with the following explanation: It is determined that the gift you made on January 28, 1966, to the trust for the benefit of Kristin Barr, a minor, is a gift of *184 a future interest since under the trust instrument the beneficiary did not receive an unrestricted right to the immediate use, possession or enjoyment of the trust property or the income therefrom. It is further determined that although the trust property and its income may be expended by or for the benefit of Kristin Barr before she attains the age of 21, the portion of the property and its income not so expended before she becomes 21 need not pass to her when she attains such age, and if she dies before attaining the age of 21, the unexpended portion of the property and its income will not be payable to her estate or as she may appoint under a general power of appointment. Therefore, since the gift to the trust is determined to be a future interest, no exclusion is allowable under the provisions of Section 2503 of the Internal Revenue Code of 1954. Opinion We must decide whether Frank gave Kristin a present interest in property when he transferred $10,000 to the trust of which she was sole beneficiary. No part of the value of a gift of a future interest may be excluded under section 2503(b)[4] in determining the total amount of gifts made during the calendar *185 year. Plainly the principal amount of Frank's $10,000 gift is a gift of a future interest to Kristin for the reason that she does not have the right presently to use, possess or enjoy it. Her enjoyment of the principal amount is subject to the contingency that the trustee "may use any part of the principal [for Kristin's benefit] * * * as it may deem necessary." This contingency of future need is not identical with the fact of need presently existing. Fondren v. 617 Commissioner, 324 U.S. 18 (1945); Commissioner v. Disston, 325 U.S. 442 (1945); *186 compare Elise McK. Morgan, 42 T.C. 1080 (1964), affirmed per curiam 353 F. 2d 209 (C.A. 4, 1965). Nor is section 2503(c)[5] of any benefit to petitioners in respect of considering the principal of Frank's gift a gift of a present interest: the conditions of subparagraphs (2)(A) and (B) of that section have not been met. However, a gift may be separated into its component parts one of which may qualify as a present interest so as to bring the statutory exclusion *187 into play. Fondren v. Commissioner, supra; Arlean I. Herr, 35 T.C. 732 (1961), affd. 303 F. 2d 780 (C.A. 3, 1962). Petitioners contend that the income interest is not disqualified as a "future interest." We disagree. Kristin's income interest cannot be a present interest under section 2503(b). Upon considered reading of the trust agreement, we construe Article II as leaving in the trustee's discretion whether or not it shall apply any of the trust income to Kristin's benefit. In this respect the agreement appears to be ambiguous. But, even though the trustee was under a duty to apply the income for the permitted purposes, the existence of such a duty gives no clue to the amount, if any, that would be needed for those purposes. In the trust's practical working, the trustee has not found the necessary prerequisites for a steady application of all or any ascertainable part of the income for Kristin's use and benefit or for her education. Indeed, up to the time of trial none of the income had been paid for Kristin's benefit but all income had been accumulated and had become part of the "trust estate," to which Kristin has no present claim and which she may, *188 in fact, never enjoy. In these circumstances, there is no basis for a conclusion that there is a gift of anything other than for the future. Commissioner v. Disston, supra.Accordingly, we hold that petitioners are not entitled to the claimed exclusions in respect of the income interest under section 2503(b). In certain circumstances an income interest may qualify as a present interest under section 2503(c), supra, footnote 5. Kristin's interest in the trust income, however, does not so qualify as the conditions of subparagraphs (2)(A) and (B) of that section have not been met in her case. Compare Arlean I. Herr, supra.
Decisions will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩
2. Margaret is a petitioner herein only by reason of her election to have the gifts treated under section 2513(a) (1).↩
3. SEC. 2513. GIFT BY HUSBAND OR WIFE TO THIRD PARTY. (a) Considered as Made One-Half by Each. - (1) In General. - A gift made by one spouse to any person other than his spouse shall, for the purposes of this chapter, be considered as made one-half by him and one-half by his spouse, but only if at the time of the gift each spouse is a citizen or resident of the United States. This paragraph shall not apply with respect to a gift by a spouse of an interest in property if he creates in his spouse a general power of appointment, as defined in section 2514(c), over such interest. For purposes of this section, an individual shall be considered as the spouse of another individual only if he is married to such individual at the time of the gift and does not remarry during the remainder of the calendar year.↩
4. SEC. 2503. TAXABLE GIFTS. (b) Exclusions From Gifts. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.↩
5. SEC. 2503(c). Transfer for the Benefit of Minor. - No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom - (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended - (A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).↩