COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Arlean I. HERR, Respondent in No. 13,811,

and

Robert F. Herr, Respondent in No. 13,812.

Nos. 13811, 13812.

United States Court of Appeals Third Circuit.

Argued March 23, 1962.
Decided May 29, 1962.

Joseph Kovner, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson, Atty., Department of Justice, Washington, D. C., on the brief), for petitioner.

Robert R. Batt, Philadelphia, Pa. (William R. Spofford, Philadelphia, Pa., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., of counsel, on the brief), for respondents.

Before GOODRICH, McLAUGHLIN and SMITH, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves the question of what is a present interest in a trust for a minor under section 2503(c) of the Internal Revenue Code of 1954, 26 U.S.C. § 2503(c). The issue arises in connection with the gift tax return of the settlor of a trust.[1] The settlor in 1954 set up four trusts, all the same except for the identity of the beneficiaries, who were his grandchildren. He made additions to each trust in 1955. As to each of the trusts, the trustee was to pay over the income to the beneficiary until his arrival at age thirty and then to pay over the principal. By Article Third of the trust the trustee was to retain the income payable to any minor, reinvesting it and paying over so much of the income and principal as he deemed necessary for the maintenance and support of the minor. All unexpended sums of accumulated income were to be paid to the minor at his majority.

The Commissioner disallowed the annual exclusions on the gift tax return for 1955 on the ground that the transfers were gifts of future interests.[2] The Tax Court held, in a very able opinion by Judge Raum, that those parts of the gifts which were of income during minority were present interests entitling the taxpayers to the claimed deductions. 35 T.C. 732 (1961). The Commissioner has appealed and we are told that this is the first case to reach an appellate court under this provision of the 1954 Code. There is no dispute on the facts and the question is a very narrow one.

The statutory reference is section 2503 (c) of the Internal Revenue Code of 1954, which is quoted verbatim. Here it is:

"(c) *Transfer for the benefit of minor.*—No part of a gift to an in-

---

1. The settlor is Mr. Herr. Mrs. Herr is involved in this litigation only because of her consent in her gift tax return to have one-half of her husband's gifts treated as having been made by her.

2. The annual exclusion is provided for in § 2503(b) of the Internal Revenue Code of 1954. That section reads, in perti-

nent part: "In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not * * * be included in the total amount of gifts made during such year."

dividual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

"(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

"(2) will to the extent not so expended—

"(A) pass to the donee on his attaining the age of 21 years, and

"(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c)."

The regulations merely repeat the words of the statute. The question in this case is limited to the tax-free nature of the trust income to the minor during minority. There is no claim that the income following majority up to age thirty and the right to the principal at age thirty are present interests. The Government's argument turns upon the phrase "if the property and the income therefrom." It argues strenuously that "property" is equivalent to "corpus," and therefore both the corpus and the income must meet both statutory conditions in order not to be treated as a future interest.

The problem comes in the use of the term "property." The introductory note to the Restatement of Property discusses its use of the word "property":

"The word 'property' is used in this Restatement to denote legal relations between persons with respect to a thing. The thing may be an object having physical existence or it may be any kind of an intangible such as a patent right or a choose [sic] in action. The broader meanings of the word 'property', which include any relationship having an exchange value, are not used."

It is apparent that when the thing in question is a piece of land the term "property" may include several different interests. One may lease the land for a term of years and have a lessee's interest which is certainly an interest in property. Then there may be an estate for life, an estate per autre vie, a contingent remainder and a vested remainder. The Supreme Court in Fondren v. Commissioner, 324 U.S. 18, 21, 65 S.Ct. 499, 89 L.Ed. 668 (1945), recognizes that there can be a present interest and a future interest in the same thing.

To bring out our problem here, let us suppose this case: A settlor creates a trust, the income of which is to go to M, a minor, until M is twenty-one. When M is twenty-one the corpus of the trust is to be given to X. Can there be any doubt that in this case the income of the trust is a "present interest" to M as he receives the payments year after year? If we add an additional provision that the minor is to receive, until he is twenty-one, so much of the income as is necessary for his support and that any undistributed income and interest thereon is to go to him at twenty-one, does he not still have a present interest?

If this is right, does it change the situation, if instead of the corpus going to X when M is twenty-one, it is to go to M when he is thirty? That is this case. We think the Tax Court was right in looking at this problem in the light of division of interest in the thing (corpus) in the way it did. The right to income during minority is a present interest; the right to income and principal after minority are future interests.

If that conclusion is not correct we have a very incongruous set of results in the distinction between the right of a stranger to receive the future interest and the right to receive the future interest when it is to go to the one entitled to the income during his minority.

The decisions of the Tax Court will be affirmed.