Josephine N. Thebaut v. Commissioner. Charles R. Thebaut, Jr. v. Commissioner.
Thebaut v. Commissioner
Docket Nos. 2069-63, 2070-63.
United States Tax Court
T.C. Memo 1964-102; 1964 Tax Ct. Memo LEXIS 234; 23 T.C.M. (CCH) 603; T.C.M. (RIA) 64102; April 21, 1964
*234 Gift tax - Annual exclusion - Gifts in trust to minors - Only trust income expendable for benefit of minors. - Gifts to minors of trust income interests qualified for the $3,000 annual gift tax exclusion, even though the trustees did not have authority to expend trust corpus for the benefit of the beneficiaries during their minority. A.I. Herr, 35 TC 732, CCH Dec. 24,652 (nonacq.), affirmed, CA-3, 303 F. 2d 780, 62-2 USTC [*] 12,079, controlling. William R. Frazier, Atlantic National Bank Bldg., Jacksonville, Fla., for the petitioners. Marshall H. Barkin, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined deficiencies in gift tax against petitioners, husband and wife, for 1958, 1959 and 1960 as follows: Josephine
Charles
Year
N. Thebaut
R. Thebaut, Jr.
1958
$ 516.87
$0
1959
1,255.45
1,300.95
1960
1,614.10
1,698.10 The facts have been stipulated. The issue remaining for decision is whether gifts to four trusts created for the benefit of beneficiaries in their minority qualify for the annual exclusion provided in Section 2503 of the Internal Revenue Code of 1954 where the trusts provide that only the income and not the corpus may be expended by the trustee during *235 the minority of the beneficiaries. Petitioners, husband and wife, resided in Jacksonville, Florida, during the tax years in question and filed separate gift tax returns for 1958, 1959 and 1960 with the district director of internal revenue at Jacksonville. The gifts in issue were made by the husband; however, the gift tax liabilities of both spouses are involved because the petitioners have consented to have the gifts considered as having been made one-half by each of them. On or about December 15, 1954, Charles R. Thebaut, Jr. (hereinafter sometimes referred to as Charles) executed a Trust Indenture as grantor, with Barbara J. Thebaut and Sharlie J. Dutton as trustees. The trust was for the benefit of petitioners' daughter, Mary Ellen Thebaut, and was called "The Mary Ellen Thebaut Trust". Mary Ellen was born on August 10, 1942. On or about March 19, 1956, petitioners executed a Trust Indenture as grantors, with Barbara J. Thebaut and Sharlie J. Dutton as trustees. The trust was for the benefit of petitioners' grandson, Sterling Mansfield Dutton, Jr., and was called "The Sterling Mansfield Dutton, Jr. Trust". Sterling was born on November 22, 1955. On or about March 1, 1957, petitioners *236 executed a Trust Indenture as grantors, with Barbara J. Thebaut and Sharlie J. Dutton as trustees. The trust was for the benefit of the petitioners' grandson, Charles Thebaut Dutton, and was called "The Charles Thebaut Dutton Trust". Charles was born on February 11, 1957. On or about December 28, 1959, Charles executed a Trust Indenture as grantor, with Barbara J. Thebaut and Sharlie J. Dutton as trustees. The trust was for the benefit of the petitioners' grandson, Richard Edward Dutton, and was called "The Richard Edward Dutton Trust". Richard was born on August 17, 1959. The four trusts contained the following identical terms: ARTICLE 2. During the continuance of this Trust, the Trustees shall hold, manage, invest and reinvest the trust estate, shall collect the income therefrom and after paying all ordinary and necessary expenses incident to the administration thereof, shall distribute and pay over such part of the said net income to or for the benefit of * * * [the named beneficiary], in such amounts and at such times as the Trustees in their sole and absolute discretion may elect. ARTICLE 3. The Trust hereby created shall continue from the date of this Trust Agreement until the *237 beneficiary above named has attained the age of twenty one (21) years or said beneficiary shall have * * * [his or her] disabilities of minority removed by order of the Circuit Court of Duval County, Florida, whichever event shall first occur. Upon said beneficiary's attaining the age of twenty one years or having * * * [his or her] disabilities of minority removed as aforesaid, the Trustees shall pay over and convey to said beneficiary the then remaining corpus of this trust estate, together with any accumulated and undistributed income, absolutely free of the terms hereof, and the trust hereby created shall forthwith and without any further act or deed terminate. In the event that the said beneficiary should die before the termination date of this Trust hereinabove specified, then in such event the Trustees shall pay over and convey the corpus of this trust estate, together with any accumulated and undistributed income to the estate of said beneficiary and the trust hereby created shall likewise forthwith and without any further act or deed terminate. Gifts were made to the four trusts as follows: 1955
1956
1957
Charles
Josephine
Charles
Josephine
Charles
Josephine
Mary Ellen
$2,750
$2,750
$2,750
$2,750
$2,750
$2,750
Thebaut Trust
Charles Thebaut
3,000
3,000
Dutton Trust
Sterling
1,500
1,500
3,000
3,000
Mansfield Dutton,
Jr. Trust
Richard Edward
Dutton Trust
2,700
$2,750
$2,750
$4,250
$4,250
$8,750
$8,750
1958
1959
1960
* *238 Charles
Josephine
Charles
Josephine
Charles
Josephine
Mary Ellen
$2,833.33
$2,833.33
$3,000
$3,000
$3,000
$3,000
Thebaut Trust
Charles Thebaut
3,000.00
3,000.00
2,772
2,772
2,700
2,700
Dutton Trust
Sterling
3,000.00
3,000.00
2,583
2,583
2,700
2,700
Mansfield Dutton,
Jr. Trust
Richard Edward
2,815
2,815
2,700
Dutton Trust
2,700
$8,833.33
$8,833.33
$11,170
$11,170
$11,100
$11,100 In each of the foregoing years, except 1955 when Josephine did not file a gift tax return, petitioners, on their respective gift tax returns, applied the annual exclusion under Section 2503(b) to each of the gifts. The Commissioner disallowed the exclusion on the ground that the transfers were gifts of future interests which did not qualify under the 1954 Internal Revenue Code. [1] *240 He contends that because no part of the principal can, under the terms of the trusts, be paid to the minor beneficiaries during their minority the entire gifts are gifts of future interests. [2] *241 Article 2 of each of the four trust instruments provides that the trustees "* * * shall distribute and pay over such part of the said net income to or for the benefit of * * * [the named beneficiary], in such amounts and at such times as the Trustees in their sole and absolute discretion may elect". The Commissioner contends that the requirement in Section 2503 (c) that *239 the "* * * property and income therefrom * * *" may be expended by or for the benefit of the donee before his attaining the age of 21 years means corpus and income, and not, as petitioners contend, accumulated income and income. The Commissioner argues that "corpus" is synonymous with "property" and where corpus may not be expended during the minority of the beneficiary the entire gift must fail. Petitioners do not dispute respondent's contention in respect of the corpus of the trusts; however, they maintain that the income interests of the trusts qualify for the $3,000 annual exclusion. Precisely the same issue has previously been before us. Arlean I. Herr, 35 T.C. 732 (nonacq. 1962-1 C.B. 5), affirmed 303 F. 2d 780 (C.A. 3). Cf. Jacob Konner, 35 T.C. 727 (nonacq. I.R.B. 1963-28, 8); Carl E. Weller, 38 T.C. 790 (nonacq. 1963-1 C.B. 5). Arlean I. Herr, supra, is squarely in point in petitioners' favor, and the Government does not contend otherwise. In effect it asks us to over-rule the Herr case. However, our decision in Herr has been affirmed by the Court of Appeals for the Third Circuit, 303 F. 2d 780, and we are not convinced that we should reach a different result now. Decisions will be entered under Rule 50. Footnotes
*. Although respondent denied the $3,000 annual exclusion in respect of gifts made by Charles in 1958 to the three trusts in the total amount of $8,833.33, respondent deducted this amount from Charles' specific exemption, thereby leaving no taxable gift for 1958.
1. Gifts made by petitioners to the trusts in the years 1955, 1956 and 1957 are involved herein, although the applicable statute of limitations has expired in respect of an assessment of additional taxes for those years. Respondent in his statutory notice determined that annual exclusions not exceeding $3,000 per donee were improperly allowed on the gifts to the trusts in those years. Therefore, in order to compute petitioners' correct gift tax liability for the years before the Court, namely, 1958, 1959 and 1960, it is necessary to determine the total amount of gifts made in prior years to which the annual exclusion was not applicable. Section 2504. 2. SEC. 2503. TAXABLE GIFTS. (a) General Definition. - The term "taxable gifts" means the total amount of gifts made during the calendar year, less the deductions provided in subchapter C (sec. 2521 and following). (b) Exclusions From Gifts. - In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person. (c) Transfer for the Benefit of Minor. - No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom - (1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and (2) will to the extent not so expended - (A) pass to the donee on his attaining the age of 21 years, and (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).↩