Estate of David H. Levine, Deceased, Jacob Paul Levine and Richard L. Levine, Executors, Petitioners v. Commissioner of Internal Revenue, Respondent

Lillian K. Levine, Petitioner v. Commissioner of Internal Revenue, Respondent

Docket Nos. 487-72, 488-72.    Filed November 13, 1974.

*Robert J. Mauceri,* for the petitioners.
*John O. Tannenbaum,* for the respondent.

OPINION

Irwin, *Judge:* In these consolidated proceedings respondent determined the following deficiencies in the gift tax due from petitioners:

| Docket No. | Year | Deficiency |
|---|---|---|
| 487-72 | 1968 | $1,026.31 |
| 488-72 | 1968 | 160.72 |

The sole issue for our determination is whether petitioners are entitled to the annual exclusions provided by section 2503(b)[1] with respect to certain income interests transferred in trust by David H. Levine to five of his grandchildren to the extent the income is payable subsequent to the named beneficiary attaining age 21. To resolve this issue, we must determine whether these gifts in trust are transfers of present interests to the extent the income interests are payable to the named beneficiary subsequent to his or her attaining age 21 when the income interests payable

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue, unless otherwise indicated.

during the named beneficiary's minority[2] are present interests solely by reason of section 2503(c).

All of the facts have been stipulated and the stipulation of facts, together with the exhibits attached thereto, are found accordingly.

Petitioners David H. Levine[3] and Lillian K. Levine, husband and wife, resided in New Haven, Conn., at the time of the filing of their petitions. They each filed gift tax returns for the year 1968 with the district director of internal revenue, Hartford, Conn. Petitioner Lillian K. Levine is involved herein only because she consented in her gift tax return to have one-half of her husband's gifts treated as having been made by her pursuant to the gift-splitting provisions of section 2513.

On December 30, 1968, David H. Levine created five irrevocable trusts for his following five grandchildren:

| Beneficiary | Age at date of gift | Beneficiary | Age at date of gift |
|---|---|---|---|
| Laurie Rachel Levine _____ | 2 | James Peter Levine ___ | 14 |
| Lawrence Mark Levine _____ | 8 | Sally Jane Levine_____ | 15 |
| Roger Alan Levine _____ | 12 | | |

The five trusts were identical except for the designation of the grandchild who was to constitute the primary beneficiary of the particular trust. Relevant provisions of one of the trusts are as follows:

### ARTICLE I

The Trustees shall hold, manage, invest and reinvest the Trust Property and shall collect the income thereof and dispose of the net income and principal for the benefit of * * * [the named beneficiary] as follows:

(A) NET INCOME:

(1) Prior to Attainment of Age Twenty-One: Until * * * [the named beneficiary] shall attain the age of twenty-one (21) years, the Trustees shall accumulate and segregate the net income from the trust. The Independent Trustee may distribute to, or expend for the benefit of * * * [the named beneficiary] until * * * [he or she] attains the age of twenty-one (21) years, so much of the current or accumulated net income, as the Independent Trustee, in his sole discretion, shall determine. If * * * [the named beneficiary] dies before attaining the age of twenty-one (21) years, any part of the accumulated and

---

[2] For the purpose of this case the term "minority" shall be construed to mean under age 21.

[3] Petitioner David H. Levine died on Jan. 26, 1973. On Mar. 2, 1973, we granted a motion to substitute the Estate of David H. Levine, deceased, Jacob Paul Levine and Richard L. Levine, Executors, for David H. Levine as petitioner in docket No. 487-72. For convenience, however, we shall still refer to the decedent as petitioner.

segregated net income not distributed to * * * [the named beneficiary] or expended for * * * [his or her] benefit, shall be paid to * * * [his or her] estate.

(2) Upon the Attainment of Age Twenty-One: Upon * * * [the named beneficiary] attaining the age of twenty-one (21) years, the Trustees shall pay to * * * [the named beneficiary] in a lump sum, all of the accumulated and segregated net income not yet distributed to * * * [the named beneficiary] or expended for * * * [his or her] benefit, and thereafter, the Trustees shall pay all of the net income from the trust to * * * [the named beneficiary] during * * * [his or her] lifetime, at least annually, or in more frequent convenient installments.

(B) PRINCIPAL: During the lifetime of * * * [the named beneficiary] the Independent Trustee shall, from time to time, pay to or for the benefit of * * * [the named beneficiary] during the continuance of the trust so much of the principal of the trust, in such amounts as the Independent Trustee shall determine, in his absolute and uncontrolled discretion. The Independent Trustee, in exercising his absolute and uncontrolled discretion, shall not be required to consider * * * [the named beneficiary's] income from other sources, or * * * [his or her] independent property. The Independent Trustee shall not be held accountable to * * * [the named beneficiary] or any remainderman if, in the exercise of said Trustee's absolute discretion hereunder, any portion or all of the trust principal shall be depleted. Furthermore, the Independent Trustee may at any time, in the exercise of his absolute and uncontrolled discretion, terminate the trust by distributing the entire principal to * * * [the named beneficiary], and he shall not be held accountable to any remainderman hereunder even though such remainderman shall be totally deprived of any benefit.

(C) SPECIAL INTERVIVOS POWER OF APPOINTMENT: During * * * [his or her] lifetime, at any time subsequent to * * * [his or her] attaining the age of twenty-one (21) years, * * * [the named beneficiary] shall have the power at any time and from time to time, exercisable by notice in writing to the Trustees, to appoint any part or all of the principal of the trust to any or all of the Grantor's lineal descendants, upon such estates and conditions, IN TRUST OR OTHERWISE, in such manner as * * * [he or she] shall so designate except that no appointment shall be made to * * * [the named beneficiary], * * * [his or her] estate, * * * [his or her] creditors, or the creditors of * * * [his or her] estate. In addition to the methods provided by law, this Power of Appointment may be released by * * * [the named beneficiary] in whole or in part, during * * * [his or her] lifetime, by an instrument or instruments in writing, signed and acknowledged, and delivered to the Independent Trustee of this trust then serving;

(D) SPECIAL TESTAMENTARY POWER OF APPOINTMENT: Upon the death of * * * [the named beneficiary], the entire principal of the trust, as it shall then exist, shall be distributed to such person or persons among the Grantor's lineal descendants, upon such estates and conditions, IN TRUST OR OTHERWISE, in such manner and at such times as * * * [the named beneficiary] shall by express reference to this power in * * * [his or her] will appoint; except that no appointment shall be made to * * * [the named beneficiary], * * * [his or her] estate, * * * [his or her] creditors, or the creditors of * * * [his or her] estate. In addition to the methods provided by law, this power of appointment may be

released by * * * [the named beneficiary], in whole or in part, during * * * [his or her] lifetime, by an instrument or instruments in writing, signed and acknowledged, and delivered to the Independent Trustee of this trust then serving.

(E) DEATH OF * * * [THE NAMED BENEFICIARY]: Upon the death of * * * [the named beneficiary], the trust shall terminate, and in default of the exercise of the powers of appointment in Article I (C) and (D) hereof, or in the event of a less than complete exercise of the powers of appointment in said Article I (C) and (D), the Independent Trustee shall distribute the entire principal, or in the event of a less than complete exercise of the powers of appointment contained in Article I (C) and (D) such portion of the principal not appointed, if any, of the trust as it shall then exist, and if it then exists, to the then living lineal descendants of * * * [the named beneficiary], in equal shares, per stirpes and not per capita, to be theirs absolutely, or if there be none, to the Grantor's then living lineal descendants, in equal shares, per stirpes and not per capita, to be theirs absolutely, or if there be none, to the estate of * * * [the named beneficiary] absolutely. However, if * * * [the named beneficiary] shall die prior to attaining age twenty-one (21), the Trustees shall distribute any accumulated and segregated net income from the trust as provided in Article I (A) (1).

The corpus of each trust consisted of thirty (30) shares of New Haven Moving Equipment Corp. common stock with each block of thirty (30) shares having a value of $3,750 at the date of gift.

Prior to 1968 David H. Levine had made taxable gifts totaling $39,218. No evidence was presented concerning any prior gifts of petitioner Lillian K. Levine.

This case presents the narrow question of whether the income interest in each trust for the period subsequent to the named beneficiary attaining age 21 until his or her death is a present interest and thus qualifies for the annual exclusion under section 2503(b) when the income interest during the named beneficiary's minority qualifies as a present interest under the terms of section 2503(c).[4] In other words, we must determine whether

---

[4] Sec. 2503(b) and (c) provides as follows:

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. Where there has been a transfer to any person of a present interest in property, the possibility that such interest may be diminished by the exercise of a power shall be disregarded in applying this subsection, if no part of such interest will at any time pass to any other person.

(c) TRANSFER FOR THE BENEFIT OF MINOR.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the

the income interest portion of each trust shall be treated in toto, or whether such income interest shall be divided into components, each of which must be treated separately.

While the precise issue has not previously been before this Court, it was the subject of dictum in *Arlean I. Herr,* 35 T.C. 732 (1961), affd. 303 F. 2d 780 (C.A. 3, 1962), acq. 1968-2 C.B. 2. It is respondent's position that this dictum is controlling in this case. We disagree.

In *Herr* gifts in trusts were made to minor grandchildren. The trustee was directed to pay over the income to each beneficiary until such beneficiary attained age 30, and then the trustee was directed to pay over the principal. However, under paragraph Third of each trust instrument the trustee was permitted to accumulate the income during each beneficiary's minority. Any such accumulations were then to be paid to the beneficiary at majority or to the beneficiary's estate if death occurred before majority. The basic issue in that case was the applicability of the section 2503 annual exclusion to the income interest of each beneficiary during minority.[5] This Court held that the term "property" as employed in section 2503(c) did not refer to the corpus of the trust, but rather referred to the totality of elements that comprise the entire gift that is to be considered for classification as a present interest.[6] The income to majority was then

estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

[5] *Herr* at 734-735:

"Plainly, as recognized by petitioners, the gifts of corpus represented future interests and could not comply with the requirements for the exclusion. However, a gift may be separated into its component parts one of which may qualify as a present interest so as to bring the statutory exclusion into play. *Fondren v. Commissioner,* 324 U.S. 18, 21. And petitioners contend that the income interest up to the majority of each grandchild is not disqualified as a 'future interest'.[3] * * *" (Fn. 3 is set forth, *infra,* in the body of this opinion.)

[6] Specifically, this Court stated at p. 736:

"As noted above, the Supreme Court has expressly recognized that a gift may be separated into component parts one of which may qualify as a present interest under the statute. *Fondren v. Commissioner,* 324 U.S. 18, 21; *Commissioner v. Disston,* 325 U.S. 442, 447. We think it highly unlikely that the draftsmen of the pertinent provisions of the 1954 Code were unaware of these decisions which loomed so large in so limited a field. Certainly, if the donor had made a gift of income only to each grandchild subject to the conditions set forth in paragraph Third, it would comply fully with the requirements of subsection (c), and the Government does not contend otherwise. Cf. *Jacob Konner,* 35 T.C. 727, decided this day. * * * The word 'property' as related to that situation would refer to the entire subject of the gift. And it is difficult to see why such a gift should not similarly qualify as a present interest merely because it is coupled together with * * * other components * * * which are future interests. For, both the *Fondren* and *Disston* cases have made it clear that one component may satisfy the conditions for a present interest while

held to be "property" which qualified for the exclusion by reason of section 2503(c).[7] In *Herr* no claim was made that the income interest following majority up to age 30 also constituted a part of that present interest. However, in the Court opinion there is noted in a footnote the following comment:

Petitioners do not contend, nor could they successfully do so, that the income for the period between the ages of 21 and 30 is a present interest. [35 T.C. at 735 fn. 3.]

Further along in the opinion it is again stated that the income interest from age 21 to 30 is a future interest. See 35 T.C. at 736. No authority or other supportive rationale is cited for this proposition.

After a careful review of the *Herr* opinion, we have determined that the statements with respect to the income interest between the ages of 21 and 30 were not necessary for the decision since under the facts therein the maximum allowable exclusion was exceeded by the income interest during minority. While respondent places reliance upon the fact that this dictum was specifically affirmed by the Third Circuit, 303 F. 2d at 782 (again without citation to any authority or other supportive rationale), the fact remains that the issue was never raised or argued by the parties. We, therefore, find that the above statement does not constitute a decisive precedent on the question presented. For the reasons to be stated hereafter, we also find that the above proposition is not a correct application of the law to the issue in this case.

For a gift to be eligible for the section 2503 annual exclusion, the gift must not be of a future interest.[8] A future interest is

---

another fails to do so. Accordingly, it is our opinion that when considered in this context Congress intended the word 'property' to mean, not the corpus of a trust, but rather the totality of elements that go to make up the entire gift that is being considered for classification as a present interest. * * *"

[7] Petitioners had also contended that the gifts qualified under sec. 2503(b) without regard to subsec. (c). This Court properly rejected that contention. *Herr* at 734-735.

[8] The legislative history of sec. 504 of the Revenue Act of 1932, the original predecessor of sec. 2503(b), reflects the following with respect to the future interest restriction:

"The term 'future interests in property' refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The exemption being available only in so far as the donees are ascertainable, the denial of the exemption in the case of gifts of future interests is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts. [H.Rept. No. 708, 72d Cong., 1st Sess., p. 29 (1932), 1939-1 C.B. (Part 2) 478; S.Rept. No. 665, 72d Cong., 1st Sess., p. 41 (1932), 1939-1 C.B. (Part 2) 526.]"

See also *United States v. Pelzer,* 312 U.S. 399 (1941).

defined as an interest which is "limited to commence in use, possession or enjoyment at some future date or time." Sec. 25.2503-3(a), Gift Tax Regs. To qualify as a present interest mere vesting is not enough; the donee must have the right presently to use, possess, or enjoy the property. *Fondren v. Commissioner,* 324 U.S. 18, 20 (1945). The gift of an income interest for life has always been regarded as a present interest for the purpose of section 2503(b) and its predecessors, section 1003 of the Internal Revenue Code of 1939, and section 504 of the Revenue Act of 1932. Sec. 25.2503-3(b), Gift Tax Regs.; *Fondren v. Commissioner, supra.* Where there is an income interest for life there is a continuing present right to the income as it is generated.

It is further noted that a gift may be separated into its component parts, only one of which may qualify as a present interest. *Fondren v. Commissioner, supra* at 21. This principle was reaffirmed with respect to section 2503(c) situations. *Arlean I. Herr, supra.*[9] See fn. 6 *supra.* We agree with *Herr* that an income interest may be divided into component parts, only one of which may qualify as a present interest.

The precise issue before us, however, is whether the component parts of an income interest may be treated together in determining eligibility for the annual exclusion or whether they must be treated separately in testing for such eligibility. It is our position that the former approach is the correct one in this instance.

In this case it is evident that without section 2503(c) the income interest during minority would not qualify as a present interest. *Commissioner v. Disston,* 325 U.S. 442, 448-449 (1945). Hence, without section 2503(c), it is clear that the income interest during majority would also not qualify as a present interest since the immediacy requirement would be lacking. As previously stated, an income interest qualifies as a present interest only if it takes effect at the date of gift; if it is to take

---

[9] See also *Commissioner v. Thebaut,* 361 F. 2d 428 (C.A. 5, 1966), which reaffirmed the principle enumerated in *Herr* that the term "property" in sec. 2503(c) is not synonymous with corpus and may refer only to the income interest of a trust and the accumulations therefrom. *Thebaut,* however, is not in point herein as that case involved the question of whether a gift of *both* principal and income in trust to minors qualifies for the annual exclusion when only the income interest qualifies as a present interest pursuant to sec. 2503(c).

effect in the future, it cannot qualify for the exclusion. See generally sec. 25.2503-3, Gift Tax Regs.

Respondent has conceded that the income interest herein up to age 21 qualifies as a present interest by reason of section 2503(c). See also Rev. Rul. 68-670, 1968-2 C.B. 413. With respect to the income component from age 21 to death, however, respondent, relying upon the *Herr* dictum, contends that it is a separate component, and as such, it must be viewed independently of the income component during minority. Viewed as a separate component, respondent submits that this interest is a future interest since it cannot take effect until age 21 and, therefore, is not eligible for the annual exclusion. In further support of his position, respondent argues that Congress in enacting section 2503(c) intended to confine its applicability to minors; that there was no intent to otherwise reverse prior case law.

Petitioners, on the other hand, contend that the two components should be viewed together and that the qualification of the income interest during minority as a present interest by reason of section 2503(c) should not preclude the income interest during majority from qualifying as a present interest under section 2503(b). They submit that the income interest to age 21 and the income interest beyond age 21 are not two distinct forms of property, but rather form a single property interest, i.e., a gift of income for life which is a present interest under the general rule of section 2503(b) as modified by the statutory liberalization of that rule in section 2503(c).

The resolution of this case ultimately hinges upon the interrelationship between subsections (b) and (c) of section 2503. Subsection (c) became a part of our revenue laws with the enactment of the Internal Revenue Code of 1954. It is a specific statutory exception to the present interest requirement of subsection (b) and permits the accumulation of income during minority if its requirements are met without the loss of the benefit of the annual exclusion. The legislative history discloses that the provision was in response to the difficulties arising in connection with the classification of a gift for the benefit of a minor as a present interest. *Arlean I. Herr, supra* at 735. See H.Rept. No. 1337, 83d Cong., 2d Sess., p. 93 (1954); S.Rept. No. 1622, 83d Cong., 2d Sess., pp. 127, 478 (1954). In the "Detailed Discussion of the Technical Provisions of the Bill" the House committee points out that the new provision—

partially relaxes the "future interest" restriction contained in subsection (b), in the case of gifts to minors, by providing a specific type of gift for which the exclusion will be allowed. [H.Rept. No. 1337, *supra* at p. A322.]

We agree with respondent that Congress, in enacting section 2503(c) was concerned only with gifts to minors and did not intend to reverse prior court decisions except to the extent that they were inconsistent with the new provision. However, since the 1939 Code did not contain any provision similar to section 2503(c), the cases relied upon by respondent that were decided under that Code are not relevant to the precise issue at hand.[10] These cases, in general, stand for the proposition that a present interest does not exist where a beneficiary (who at the time of the gift is a minor) has no immediate right to the use, possession, or enjoyment of a gift of an income interest until majority. Because under the 1939 Code the income interest therein during minority did not constitute a present interest, it followed that the income interest during majority also did not qualify as a present interest. It is only because of the enactment of section 2503(c) that the issue herein can arise. Respondent has also referred us to several 1954 Code cases [11] and since these, with the exception of *Herr,* involved income interests to minors which did not qualify under section 2503(b) or (c) as present interests, they are also not relevant to the instant issue.

Applying the rationale of the *Herr* case regarding the definition of "property" we have made a preliminary determination that David H. Levine gave three property interests in trust, namely, an income interest during minority, an income interest during majority, and a contingent interest in the principal. Petitioners have conceded that the interest in principal is not a present interest.

As to the two income interest components, we have concluded after a careful analysis of the statute, the regulations thereunder, and the relevant legislative history that under the facts in this case the two components should be treated together, i.e., as two stages of a single income interest covering the life of the named beneficiary, and as such, constitute a present interest eligible for the annual exclusion. We do not believe that Congress intended to penalize a donor who desires to give an income interest for life

---

[10] See, e.g., *Commissioner v. Disston, supra; Josephine B. Crane,* T.C. Memo. 1957-3.

[11] See, e.g., *Frank T. King,* T.C. Memo. 1969-117; *Emily J. Benton,* T.C. Memo. 1968-61.

and in so doing takes advantage of the provisions of section 2503(c) for the period of the beneficiary's minority.

In the instant situation the income interests may be expended for the benefit of the named donee prior to his attaining age 21 and, to the extent not expended, will pass to the donee at age 21; thereafter the income is required to be distributed at least annually to the donee for life. Viewed as a whole, we believe that the entire income interest, i.e., the two components treated as a whole, qualifies as a present interest. This is so because section 2503(c) treats the income interest during minority as though it were an unrestricted right to immediate use, possession, or enjoyment, i.e., a present interest. When the donee attains age 21, the unrestricted right to the income continues since for the years subsequent to age 21 the donee still has the unrestricted right to the immediate use, possession, or enjoyment of the net income. Had each trust provided a restriction with respect to the distribution of the net income during majority, such as a provision providing for distributions only in the discretion of the trustee, then it is clear that only the income interest during minority would qualify for the exclusion since there would not be an unrestricted right to the income during majority and the exception contained in section 2503(c) does not apply beyond minority. Viewed from a different angle, if the income interest during minority had failed to meet the requirements of section 2503(c), then the income interest during majority would also fail to qualify as a present interest since the immediacy requirement of section 2503(b) would not be met. Neither of these situations exists in this case.

In summary, since we find that by reason of section 2503(c) the unrestricted right to the immediate use, possession, or enjoyment of the income in each trust begins at the date of gift and continues until death, it follows that the two income components must be treated together, and as such, constitute a single present interest eligible for the annual exclusion.

To reflect computational adjustments,

*Decisions will be entered under Rule 155.*

Reviewed by the Court.

RAUM, *J.,* dissenting: I cannot agree with the majority opinion. It represents an impermissible extension of *Arlean I. Herr,* 35 T.C. 732, affirmed 303 F. 2d 780 (C.A. 3), which itself was an extreme case. The result herein stretches the statute beyond the breaking point.

*First.*—It is important at the outset to keep the applicable provisions of the 1954 Code clearly in mind.[1] The operative provision of the Code which allows the annual exclusion of the first $3,000 of gift to each person is contained in section 2503(b). However, this exclusion by its own terms, is not available in the case of "gifts of future interests in property." And there is no dispute here that, by reason of the trustees' discretion to accumulate income during the donee's minority, the gift in this case is one of a future interest which, under section 2503(b) standing alone, would not qualify for any exclusion. *Herr* so held (35 T.C. at 734-735), relying upon *Commissioner v. Disston,* 325 U.S. 442, 448-449, and *Hessenbruch v. Commissioner,* 178 F. 2d 785 (C.A. 3), and I understand that the majority herein agrees.

*Second.*—It is only by reason of the special provisions of section 2503(c) that the donor may be entitled to the otherwise inapplicable $3,000 exclusion of (b). Subsection (c), which first appeared in the law in 1954, was enacted in response to the difficulties generated in attempting to classify a gift to a minor as a present interest. H. Rept. No. 1337, 83d Cong., 2d Sess., p. 93; S. Rept. No. 1662, 83d Cong., 2d Sess., p. 127. But it was made perfectly clear at the time that the new provision did not constitute a complete revamping of the law in respect of the exclusion for gifts to minors; rather, the House committee pointedly stated that the new provision of (c) merely "partially

[1] SEC. 2503. TAXABLE GIFTS.

(b) EXCLUSIONS FROM GIFTS.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1955 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for purposes of subsection (a), be included in the total amount of gifts made during such year. * * *

(c) TRANSFER FOR THE BENEFIT OF MINOR.—No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to the extent not so expended—

(A) pass to the donee on his attaining the age of 21 years, and

(B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

relaxes the 'future interest' restriction contained in subsection (b), in the case of gifts to minors, by providing a specific type of gift for which the exclusion will be allowed." H. Rept. No. 1337, 83d Cong., 2d Sess., p. A322.

*Third.*—The limited relaxation in subsection (c), referred to by the House committee, saves a gift of a future interest to a minor from being disqualified under (b) if the "*property* and the income therefrom" may be expended by or on behalf of the minor prior to his attaining the age of 21 years and to the extent not so expended will pass to him when he becomes 21 (or to his estate or appointee if he dies prior thereto).

In *Herr,* the total income interest was to last until the donee reached the age of 30, but, as in the present case, any income accumulated during minority was required to be paid to him at 21 (or to his estate or appointee if he should die prior thereto). The value of that minority income interest was in excess of $3,000, and the donor claimed the $3,000 exclusion in respect thereof. Although the accumulated income was payable to the donee at 21, the Government contended that since the corpus was not available to him until age 30, the "*property*" was not payable to the donee by the time he reached the age of 21 as required by the statute. Therefore the gift failed to comply with the specific condition of (c) that would make applicable the otherwise unavailable $3,000 exclusion of (b). The Government's position was far from frivolous, and we were able to decide in favor of the donor only by dividing the gift into three separate parts: (1) The minority income interest, (2) the majority income interest, and (3) the corpus. By treating the minority income interest as a *separate gift,* we were able to construe the word "property" to mean "not the corpus of a trust, but rather the totality of elements that go to make up the entire gift that is being considered for classification as a present interest." 35 T.C. at 736. In short, by isolating the gift of the minority income interest and considering it separately, we were able to treat that interest as the relevant "property"; and since that property was to be paid over to the donee in its entirety by the time he became 21, the "property" requirement of (c) was satisfied.

*Fourth.*—The instant case presents the identical problem, and, upon segregating the minority income interest from the majority income interest and corpus, the donor becomes entitled to and in fact has been given the benefit of an exclusion in respect of that

minority income interest. The difficulty, however, is that the value of such minority interest in this case is less than $3,000, and the exclusion allowed to the donor was (as required by (b)) limited to the amount of that value. The donor nevertheless claims the exclusion of the full $3,000—a result that can be justified only by blending the minority income interest and majority income interest into a *single* gift, which in this case would have a value in excess of $3,000. However, the minority and majority income interests, viewed as a *single* gift, do not satisfy the requirement of either (b) or (c). There is no question that such a gift is one of a future interest which, under (b) standing alone, would not qualify for an exclusion. Nor would it comply with conditions of (c). For, if the gift which is to be valued consists of two income interests (minority and majority), the "property" referred to in (c) would consist of both those components, and the requirement of (c) that such "property * * * may be expended by, or for the benefit of, the donee before his attaining the age of 21 years" could not be met.

In my judgment, by treating the minority and majority income interests merely as components of a single gift, the prevailing opinion herein fails to appreciate the very theory upon which *Herr* rests. It is a theory that calls for the segregation of the minority income interest as a separate item of *property,* to be treated as a separate gift.[2] Only when that is done is there any basis for the exclusion that was given to the taxpayer in *Herr.* And if that is done, the other elements of the transaction—i.e., the majority income interest and the corpus—are plainly future interests, neither within the scope of (b) nor within the provisions of (c) that might bring them into the otherwise inapplicable provisions of (b). This was the essence of our opinion in *Herr,* and the theory was approved on appeal by the Third Circuit (303 F. 2d at 781-782):

The Tax Court held * * * that those parts of the gifts which were of income during minority were present interests entitling the taxpayers to the claimed deductions. * * *
    * * *
If this is right, does it change the situation, if instead of the corpus going to X when M is twenty-one, it is to go to M when he is thirty? That is this case. We think the Tax Court was right in looking at this problem in the light of division

[2] *Herr* has been followed in *Rollman v. United States,* 342 F. 2d 62 (Ct. Cl.), and was referred to with approval in *Commissioner v. Thebaut,* 361 F. 2d 428, 429 (C.A. 5), affirming 23 T.C.M. 603. See also *Carl E. Weller,* 38 T.C. 790, 809.

of interest in the thing (corpus) in the way it did. The right to income during minority is a present interest; *the right to income and principal after minority are future interests.* [Emphasis supplied.]

The donor cannot have it both ways. Either the gift of the minority income interest is a separate item of "property" to which the benefits of (c) inure, as in *Herr,* or the gift is of the entire income interest (minority and majority) in which event the language of (c) cannot apply.

To summarize, and perhaps to belabor the point: (1) The *property* that is the subject of the gift for which the donor seeks the full $3,000 exclusion is the sum of the two income interests (minority and majority); (2) such exclusion is available only under section 2503(b), which is concededly inapplicable here, without first going through the door of section 2503(c); (3) in order to go through the door of (c) to get to (b), it is an indispensable requirement of (c) that the *property* be payable to the donee (or his estate, etc.) prior to his attaining his majority; (4) in order to satisfy this requirement the *Herr* case held that the minority income interest constitutes a severable and *separate* gift, the *entire* amount of which (property and income) is payable to the donee prior to majority, thus entitling the donor to the $3,000 exclusion to the extent of the value of that minority interest; (5) but in so holding, the necessary consequence of *Herr* is that the majority income interest is also a separate gift, which is plainly a future interest, if considered by itself, and if considered together with the minority income interest as a single gift, the "property" relating to that entire gift would not similarly be payable to the donee prior to attaining the age of 21; (6) as a consequence, if the two income interests were treated as a single gift, the "property" requirement of (c) would not be met, and the gift could not pass through the door of (c) in order to reach the desired goal of the exclusion of (b).

DAWSON, STERRETT, and HALL, *JJ.,* agree with this dissent.