**ESTATE of David H. LEVINE, Deceased.**

**Jacob Paul LEVINE and Richard L. Levine, Executors, Appellee,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**Lillian K. LEVINE, Appellee,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**Nos. 355, 546, Dockets 75–4134, 75–4135.**

United States Court of Appeals, Second Circuit.

Argued Nov. 10, 1975.

Decided Dec. 1, 1975.

Jonathan S. Cohen, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jr., and Michael J. Roach, Washington, D. C., on the brief), for appellant.

Stanley Bergman, New Haven, Conn. (Jon C. Blue, Bergman & Barth, P. C., New Haven, Conn., on the brief), for appellees.

Before KAUFMAN, Chief Judge, and ANDERSON and VAN GRAFFEILAND, Circuit Judges.

IRVING R. KAUFMAN, Chief Judge:

One suspects that because the Internal Revenue Code of 1954 piles exceptions upon exclusions, it invites efforts to outwit the tax collector. The case before us is an example of adroit taxpayers seizing upon words in the Code which, if interpreted as they urge, would distort congressional intent and violate well-established rules of statutory construction. We therefore reverse the decision of the Tax Court favoring the taxpayers, 63 T.C. 136 (1974).

I.

The facts in this case have been stipulated. On December 30, 1968 David H. Levine, a Connecticut resident, established identical irrevocable trusts for five grandchildren whose ages then ranged from 2 to 15 years. The corpus of each trust consisted of common stock of New Haven Moving Equipment Corporation. The shares were valued at $3,750. Unless a designated "Independent Trustee" saw fit in his discretion to direct otherwise, the trustees were to retain all income generated until the grandchild-beneficiary reached age 21. At that time, the accumulated income would be distributed *in toto.* Thereafter, the beneficiary would receive payments at least annually of all income earned by the trust. If the grandchild died before his or her twenty-first birthday, all accumulated income would go to the estate of the grandchild.

During the lifetime of the beneficiary, control over the trust corpus was vested exclusively in the "absolute and uncontrolled discretion" of the Independent Trustee. He could permit the principal to stand untouched or he could pay out any portion directly to, or for the benefit of, the beneficiary. In addition, the trustee could terminate the trust at any time by distributing the entire corpus. The trust also provided the beneficiary with a limited power of appointment in the event that any of the principal remained in the trust upon his or her death. The corpus, or any part of it,

could be designated to pass to some or all of David H. Levine's lineal descendants. The original beneficiary could not elect to leave corpus to his or her own estate, his or her creditors, or the creditors of the original beneficiary's estate.[1]

Section 2513 of the Internal Revenue Code of 1954 permits a married couple to treat a gift made by one spouse as if made half by each spouse. Because gift tax rates are progressive, this "gift-splitting" provision often results in reducing the total tax due. David Levine and his wife elected § 2513 treatment of the trusts in question, and each paid $34.17, the tax calculated as due on their gift tax returns for 1968. The Commissioner, for reasons set forth below, determined that Mrs. Levine's tax payment was deficient by $160.72, and Mr. Levine was assessed an additional $1,026.31.[2] The Levines proceeded to the Tax Court maintaining that the Commissioner's interpretation of § 2503 was erroneous. The Tax Court, four judges dissenting, decided in favor of the taxpayers.[3] From the court's majority holding, the Commissioner appeals.

## II.

The dispute focuses on the interpretation and interrelation of §§ 2503(b) and (c) of the Internal Revenue Code of 1954. Section 2503(b)[4] permits a donor to escape gift tax on the first $3,000 of gifts to each donee yearly, so long as the gift is *not* "of future interests in property." Although the term "future interests" is nowhere defined in the Code, the Supreme Court has instructed that "the question is . . . when enjoyment [of the property] begins." *Fondren v. C. I. R.,* 324 U.S. 18, 20, 65 S.Ct. 499, 500, 89 L.Ed. 668 (1945). The gift is of a future interest if "limited to commence in use, possession, or enjoyment at some future date or time." *Id.*; Treas.Reg. § 25.-2503–3(a). The gift of a remainder interest in a trust has, thus, been considered a future interest. *C. I. R. v. Disston,* 325 U.S. 442, 447, 65 S.Ct. 585, 89 L.Ed. 1397 (1945). An income interest for life, however, is a present interest if payments commence immediately. *Fondren, supra,* 324 U.S. at 21, 65 S.Ct. 499.

Despite the attractions of the § 2503(b) gift tax exclusion, donors hesitate to make outright gifts of principal or income to minors. In response to such understandable concerns, and the existence of many state statutory prohibitions against minors accepting and exercising dominion over property, *but see* Rev.Rul. 54–400, 1954–2 Cum.Bull. 319, 320, Congress in 1954 added § 2503(c) to the Code.[5] The section provides:

1. Failure to exercise the power also would not result in receipt of the property by the grandchild's own estate, unless there were no surviving lineal descendants of the grantor, David H. Levine. This eventuality, of course, was actuarially unlikely to occur, given the number and ages of Levine's grandchildren. For a more complete description of the trust provisions, *see* the Tax Court decision, 63 T.C. 136, 137–39.

2. Since the Levines had split the gift equally, their tax assessments would be identical, *ceteris paribus.* Mr. Levine's deficiency was greater because federal gift tax rates are determined on the basis of total gifts made during the donor's entire lifetime. Mr. Levine had forgotten to take account of prior taxable gifts of $39,218. Mrs. Levine had not previously made any taxable gifts.

3. The Court did not assess a deficiency against Mrs. Levine. The Tax Court held, however, that Mr. Levine's estate (David Levine having died in 1973) owed $192.92 in gift tax. We assume the husband's deficiency resulted from his failure to report the prior gifts. It is not being challenged on appeal.

4. In pertinent part, § 2503(b) read as follows in 1968:
   Exclusions From Gifts.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during [any single] calendar year, the first $3,000 of such gifts to such person shall not . . . be included in the total amount of [taxable] gifts made during such year. . . .
   The subsection was amended in 1970 in respects not here material.

5. In turn, many states adopted the Uniform Gifts to Minors Act. *See* Newman, *The Uniform Gifts to Minors Act in New York and Other Jurisdictions,* 49 Cornell L.Q. 12, 36 (1963).

Transfer for the Benefit of Minor.— No part of a gift to an individual who has not attained the age of 21 years on the date of such transfer shall be considered a gift of a future interest in property for purposes of subsection (b) if the property and the income therefrom—

(1) may be expended by, or for the benefit of, the donee before his attaining the age of 21 years, and

(2) will to extent not so expended—

    (A) pass to the donee on his attaining the age of 21 years, and

    (B) in the event the donee dies before attaining the age of 21 years, be payable to the estate of the donee or as he may appoint under a general power of appointment as defined in section 2514(c).

At first blush, it might seem that the Levine trusts clearly fail to satisfy the requirements of § 2503(c)(2). The "property"—if defined as the corpus—would not pass to the donee when the beneficiary turned 21. Nor would it be payable to the donee's estate if death occurred before the age of 21 years. The power of appointment established by each trust over the corpus also fails the tests set forth in § 2514(c).[6]

The problem, however, is somewhat more complex. The Supreme Court in *Disston* and *Fondren, supra,* recognized that a gift may be divided into component parts for tax purposes. One or more of those elements may qualify as present interests even if others do not. The Tax Court applied these principles in a 1961 decision involving a trust similar

to Levine's. *Herr v. C. I. R.,* 35 T.C. 732 (1961).[7] Treating the income to be accumulated to age 21 (the "pre-21 income interest") as a separate element of "property," *id.* at 737, the Tax Court held that this segment satisfied the requirements of § 2503(c) and the taxpayer could therefore benefit from the § 2503(b) exclusion.[8] The Third Circuit affirmed the Tax Court, 303 F.2d 780 (3d Cir. 1962). The Commissioner has acquiesced in the *Herr* decision, 1968–2 Cum.Bull. 2, and accordingly concedes in the present case that the pre-21 income interest is eligible for the gift tax exclusion.

The pre-21 income interests in the Levine trusts do not, however, exhaust the $3,000 per donee annual exclusion.[9] Knowing that the remainder interests cannot qualify as present interests under either § 2503(b) or § 2503(c), the Levines have concentrated their attention on the post-21 income interests. Although the taxpayer in *Herr* did not suggest that the post-21 segment could properly be considered a present interest, the Tax Court explicitly spoke to the issue:

> [I]ncome [after] 21 . . . [is a] future interest.

35 T.C. at 736. And the Court of Appeals commented similarly:

> [T]he right[s] to income and principal after minority are future interests.

303 F.2d at 782. The taxpayers ask us to disregard these views and to extend the holding of *Herr* so that the post-21 income interests will be treated as present interests. We decline to do so.

---

**6.** Section 2514(c) requires, in part, that

> [T]he term 'general power of appointment' means a power which is exercisable in favor of the individual possessing the power . ., his estate, his creditors, or the creditors of his estate . . . .

**7.** The trustee in *Herr* was directed to pay over the principal when the beneficiary reached age 30. This difference is irrelevant for our purposes.

**8.** The Tax Court correctly observed that this pre-21 income interest would have been con-

sidered a future interest ineligible for the § 2503(b) exclusion if § 2503(c) had never been enacted. The ability of the trustee to accumulate income during the beneficiary's minority would have been fatal.

**9.** Using actuarial tables, the value of each gift is allocated between the present values of the pre-21 income interest, post-21 income interest, and remainder interest. *See* Treas.Reg. § 25.2512–5.

## III.

If the post-21 income interests are looked upon as separate gifts, they cannot be considered present interests under § 2503(b). As in the case of the remainder interests, initial enjoyment is delayed until a time in the future. Moreover, the requirements of § 2503(c)(2) are not satisfied.

The taxpayers urge that we are required to treat the post-21 income interests as one with the pre-21 income interests, but that the remainder interests should be considered a separate gift. The taxpayers recognize that the combined pre- and post-21 income interests do not qualify as a present interest when viewed solely in the light of § 2503(b). This is so because the accumulation of income before age 21 works as a postponement of immediate enjoyment. In addition, the combined income interests fail to meet the criteria of § 2503(c)(2).

The Levines seek to overcome these obstacles by means of an ingenious argument. The combination of pre-21 and post-21 income interests resembles a unitary life estate, they argue. The only reason it cannot qualify as a § 2503(b) present interest, they urge, is the accumulation provision that permits enjoyment to be delayed until age 21. But, they say, § 2503(c) as interpreted by *Herr* permits the future interest characteristic of the pre-21 income interests to be disregarded for the purpose of receiving the § 2503(b) exclusion. In other words, they assert that *Herr* and § 2503(c) in effect transform the pre-21 income interests into present interests. Then, by a giant leap, the taxpayers conclude that a single, lifetime present interest is produced by linking the pre-21 *constructive* present interests with the post-21 income interests.

A study of the statutory language, however, convinces us that Con-

gress did not contemplate such an "off-again, on-again" elusive treatment of the pre-21 segment of the transfers in trust. Moreover, we cannot be unmindful of the rule of construction that Congress permits exclusions only as a matter of grace, and the exclusions sections are to be strictly construed against the taxpayer. *See Standard Oil Co. v. United States,* 338 F.2d 4, 8 (2d Cir. 1964); *Bingler v. Johnson,* 394 U.S. 741, 752, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969). Nor does the legislative history prove more helpful to the taxpayers. The House Report, H.R.Rep. No. 1337, 83d Cong., 2d Sess. A322, 3 U.S.Code Cong. & Admin. News, p. 4465 (1954), explained that § 2503(c)

> *partially* relaxes the 'future interest' restriction contained in [§ 2503(b)], in the case of gifts to minors, by providing a *specific type of gift* for which the exclusion will be allowed. If *the gift* may be expended by, or for the benefit of, the minor donee prior to his attaining the age of 21 years, and, to the extent not so expended, will pass to the donee at that time, but if the donee dies prior to that time, will pass to the donee's estate or as he may appoint by will under a general power of appointment, *the gift* will not be treated as a future interest. [emphasis added]

*See also* 3 U.S.Code Cong. & Admin.News at p. 5123 (Senate Report, refers to a *"certain type* of gift to a minor which will not be treated as a gift of a future interest" [emphasis added]). The special treatment of pre-21 income interests in *Herr* could be justified as not *penalizing* the taxpayer for linking pre-21 income interests with other interests. But, the Levines would have us *reward* such a combination, since the post-21 income interest clearly could not, by itself, qualify for the annual exclusion.[10]

---

**10.** In his opinion below on behalf of four dissenting judges, Judge Raum—the author of the unanimous *Herr* opinion—characterized *Herr* as "an extreme case." He viewed the Tax Court majority in *Levine* as "impermissibl[y] exten[ding]" *Herr* and "stretch[ing] the statute beyond the breaking point." 63 T.C. at 146.

There is one additional factor that we cannot ignore. The *Herr* opinions rejecting the contention that a post-21 income interest can be a § 2503 present interest were rendered more than a decade ago. Extensive attention has been paid by the treatises, commentators, and tax services to the *Herr* decisions,[11] and "no other field of legislation receives as much continuous, sustained and detailed attention" from Congress as does tax law. 3 Sutherland on Statutory Construction § 66.02 at 184 (4th ed. 1974). Congress has had ample opportunity to amend the Code if it disagreed with the interpretation of §§ 2503(b) and (c) set forth in *Herr. See Georgia v. United States,* 411 U.S. 526, 533, 93 S.Ct. 1702, 36 L.Ed.2d 472 (1973).[12]

Accordingly, we reverse the decision of the Tax Court and remand.

11. *See, e. g.,* B.Bittker & L.Stone, Federal Income Estate & Gift Taxation 1058 (4th ed. 1972); 5 Mertens, Law of Federal Gift & Estate Taxation § 38.20 (1971, IV Cum.Supp.); C.Lowndes, R.Kramer & J.McCord, Federal Estate & Gift Taxes § 33.10 at 826 (3d ed. 1974); 1 CCH Federal Estate & Gift Tax Reporter ¶ 3145.506; Frazier, *Recent Developments in Trusts for Minors,* 21 N.Y.U. Inst. on Fed. Tax 299, 302–03 (1963); Comment, *Gifts to Minors,* 30 Tenn.L.Rev. 232, 246 (1963).

12. It is interesting that Congress amended § 2503(b) in 1970—almost a decade after the *Herr* decisions and two years after the Commissioner's acquiescence—without taking the opportunity to change the section in this regard. Act of December 31, 1970, Pub.L. No. 91–614, § 102(a)(3), 84 Stat. 1839.